Charles W. Zimmerman, M.D., Petitioner *v.* Commonwealth of Pennsylvania, Public School Employes' Retirement Board, Respondent.

Argued September 13, 1984, before Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

Robert E. Wayman, Wayman, Irvin & McAuley, for petitioner.

Nicholas Joseph Marcucci, Assistant Counsel, for respondent.

OPINION BY JUDGE BARBIERI, March 19, 1985:

Charles W. Zimmerman (Petitioner) appeals from a decision of the Pennsylvania Public School Employes' Retirement System Board (Board) which declared him ineligible to participate in the retirement system.

Petitioner has worked as a physician for the Wilkinsburg Area School District (District) since 1951, examining students, participants in interscholastic sports, teachers, and some maintenance personnel.[1] Petitioner performs these medical services in the buildings in the District, with the superintendent of schools designating the hours of visits to different facilities. Petitioner is also required to attend all athletic events scheduled in the District.

Petitioner is on call at the various schools in the District between the hours of 9:00 a.m. and 12:00 a.m., Monday through Friday. For the remainder of each day, Petitioner maintains an outside private practice.

Petitioner earns an annual salary over a twelve-month period. Petitioner's remuneration does not depend upon whether he takes vacation time or is absent

---

[1] Petitioner was initially engaged by the District on motion of the School Board on September 20, 1951, and was subsequently re-engaged by the School Board on June 17, 1982.

for illness, or upon the extent of services rendered. The District employs nurses to assist Petitioner in his daily routine and provides Petitioner's supplies.

Petitioner receives some benefits from the District, including group life insurance and he receives compensation increases similar to those received by other District personnel. On the other hand, the District does not provide Petitioner with Blue Cross/Blue Shield coverage. Moreover, Petitioner carries his own medical malpractice insurance and the District does not contribute to the cost of this insurance. Further, Petitioner's private practice supports an individual retirement plan for Petitioner.

Petitioner filed a timely application for retirement benefits with the Board. Following a hearing, on May 16, 1983, a hearing examiner recommended denial of Petitioner's claim for coverage. After Petitioner filed timely exceptions to the hearing examiner's recommendation, the Board, on August 5, 1983, denied Petitioner's request for coverage, holding that Petitioner was an independent contractor and not an employee.[2] This appeal ensued.

The sole issue raised by Petitioner is whether the Board erred in determining that he was an independent contractor rather than an employee of the District. Section 8301 of the Public School Employes' Retirement Code (Code)[3] provides:

> (a) Mandatory membership.—Membership in the system shall be mandatory as of the effec-

---

[2] The Board, in holding that Petitioner was an independent contractor, stressed: (1) that the only control maintained by the District over Petitioner consisted of the setting of hours and location for the performance of services, (2) that the regular business of the District was educating students and not proving health care services, and (3) that Petitioner had full responsibility for the results of his work.

[3] 24 Pa. C. S. §8301.

tive date of employment for all school employees except the following:

. . . .

(4) Any part-time school employee who has an individual retirement account pursuant to the Federal act of September 2, 1974 (Public Law 93-406, 99 Stat. 829), known as the "Employee Retirement Income Security Act of 1974."

. . . .

(c) Optional membership.—The school employees categorized in subsection (a)(3) and, if otherwise eligible, subsection (a)(4) shall have the right to elect membership in the system. Once such election is exercised, membership shall commence from the original date of eligibility and shall continue until the termination of such service.

Petitioner, who is attempting to establish optional membership in the retirement system pursuant to subsections 8301(a)(4) and 8301(c), must show that he is a "school employee." Section 8102[4] defines a "school employee" as "[a]ny person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis."

As we stated in *Surowski v. Public School Employes' Retirement Board*, 78 Pa. Commonwealth Ct. 490, 467 A.2d 1373 (1983):

In determining whether a relationship is one of employee-employer or independent contractor,

---

[4] 24 Pa. C. S. §8102.

certain factors will be considered which, while not controlling, serve as general guidance to the Court. These factors include: the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time. Hammermill Paper Co. v. Rust Engineering Co., 430 Pa. 365, 243 A.2d 389 (1968); J. Miller Co. v. Mixter, 2 Pa. Commonwealth Ct. 229, 277 A.2d 867 (1971).

*Surowski v. Public School Employees' Retirement Board,* 78 Pa. Commonwealth Ct. at 491-92, 467 A.2d at 1374-75.

We believe that when all the factors are weighed, Petitioner must be considered an employee rather than an independent contractor. In this respect, the present case is similar to *Surowski,* which involved a tax collector's application for public school retirement benefits. In *Surowski,* the school district paid the petitioner's annual salary, contributed to the petitioner's benefits, and provided the petitioner's work supplies. Further, as the Court in *Surowski* stressed, the school district exercised control over the petitioner:

The facts show that Petitioner worked not on his own, but under the supervision and control of the City of New Kensington, which set his hours of employment. Petitioner performed school district functions during these hours un-

der an arrangement between the City and school district which shared salary and expenses. Thus, the school district exercised control over the Petitioner by providing that he be under the City's supervision during the time for which he was compensated by the school district. Petitioner's work situation was a mere delegation of control by the school district to the City, which in no way relinquished control over the Petitioner's performance to the Petitioner himself.

*Id.* at 493, 467 A.2d at 1375.

The present case is similar to *Surowski*, since the District paid Petitioner an annual salary, contributed to his group life insurance, and provided his work supplies.[5] Further, as in *Surowski*, the District, which exercised direct control over the hours and location of Petitioner's performance of services, never relinquished its control over, or its right to control, Petitioner's work.

In reaching this conclusion, we note that although Petitioner's work as a doctor is admittedly technical, a physician can clearly be an employee rather than an independent contractor, even if he is not supervised by another physician. *See Babich v. Pavich,* 270 Pa. Superior Ct. 140, 411 A.2d 218 (1980). In *Babich,* the Superior Court held that a plant physician was "in the

---

[5] With respect to this point, the Board argues that, under 24 P.S. §§14-1404 and 14-1405, the District's nurses are responsible for stocking medical supplies and assisting Petitioner regardless of whether he is an independent contractor or an employee of the District, and that, as a result, the performance of state-mandated duties cannot be considered in determining whether Petitioner is an employee or an independent contractor. We disagree. Rather, the conditions and duties of Petitioner's employment are important in defining Petitioner's job, whether these conditions are mandated by statute or otherwise.

same employ" as a deceased worker and was therefore immune under the Workmen's Compensation Act from civil liability resulting from negligence resulting in the deceased worker's death. The court stated:

"In ascertaining whether a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged. . . ." Green v. Independent Oil Co., 414 Pa. 477, 483, 201 A.2d 207, 210 (1964), (footnote omitted). An employer-employee relationship may be found even though "a particular occupation may involve such technical skill that the employer is wholly incapable of supervising the details of performance." Potash v. Bonaccurso, 179 Pa. Super. 582, 588, 117 A.2d 803, 806 (1955).

*Babich*, 270 Pa. Superior Ct. at 144, 411 A.2d at 220-21.

In the present case, even though the District may have been technically incapable of directing the details of Petitioner's professional services, this in no way alters the general control by the District of Petitioner's performance.[6] In light of all the circum-

---

[6] *Babich* was relied upon by the Superior Court in *Budzichowski v. Bell Tel. Co.*, 299 Pa. Superior Ct. 392, 445 A.2d 811 (1982), *aff'd* 503 Pa. 160, 469 A.2d 111 (1983), where it was also held that company physicians were employees and, therefore, immune from liability for malpractice affecting a Bell employee. In so holding, the Court rejected the contention that company physicians, because their expertise cannot be controlled by laymen, would be classified as "professional independent contractors." *See also Kinloch v. Tonsey*, 325 Pa. Superior Ct. 476, 473 A.2d 167 (1984), where the plant physician was held to be an employee and not an independent contractor, although one-third of his income was from sources other than his company position.

stances, we believe that this control is sufficient to establish that Petitioner is an employee.[7]

The Board argues that, in light of the origin of Petitioner's relationship with the District, we must hold that Petitioner is an independent contractor rather than an employee. In 1951, Petitioner received a $500 contract to serve for one year as athletic physician for the District. In 1952, he was again awarded the contract as athletic physician and was also awarded a contract as the junior and senior high school examining physician. Over the years, Petitioner's duties have increased. The Board thus argues that Petitioner is now an independent contractor with several contracts with the Board. We disagree. We believe that, whether or not Petitioner was initially an independent contractor need not be decided here, since his status for the purposes of the issues before us, as demonstrated, must be that of a part-time employee.

It is also true that Petitioner maintains an outside medical practice. However, this factor does not control Petitioner's status as an employee or independent

---

[7] Additionally, the services performed by Petitioner are within the regular business of a school district, which includes, *inter alia*, providing students with certain health services, as mandated by the Public School Code. *See* Sections 1401-1422 of the Public School Code, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §§14-1401-14-1422. We have noted that the Board concluded that the services performed by Petitioner were not within the regular business of the District, since the primary business of the District was educating students. Obviously, we cannot accept the view that one who performs services that are auxiliary to the employer's "primary obligation" is less likely to be in an employer-employee relationship than one who serves directly in the main mission of the employer. The regular business of an employer is not merely the primary business of the employer, but may include a number of different types of business activities which the employer regularly conducts, as in the present case. In any event, the applicable definition simply requires for employee status that the "person [be] engaged in work *relating to* a public school. . . ." Footnote 4 above.

contractor. We simply cannot read Section 8301(c) to state that a part-time employee cannot be a member of the retirement system where he has outside employment. In sum, we believe that the control exerted over Petitioner by the District, when taken together with the circumstances of Petitioner's work as described above, indicates that Petitioner is a part-time employee from 9 a.m. until 12 a.m. on weekdays, and that Petitioner merely has a separate outside practice.[8]

Accordingly, we hold that Petitioner is a school employee of the District entitled to membership in the Respondent retirement system and, therefore, we will reverse.

### Order

And Now, this 19th day of March, 1985, the decision and order of the Public Employes' Retirement Board, dated August 5, 1983, is hereby reversed.

Judge Palladino dissents.

Judge Williams, Jr., did not participate in the decision in this case.

---

[8] See *Kinloch,* Footnote 6.