## Rodgers, Appellant, v. Washington County Institution District.

Argued March 22, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Samuel Goldfarb,* for appellant.

*Rufus S. Marriner,* with him *John F. Wiley,* of *Marriner & Wiley,* for appellee.

*D. H. Weiner,* for County Commissioners, appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1944:

This action in trespass was brought by plaintiff, Gladys Rodgers, against the Washington County Institution District to recover for personal injuries allegedly caused by defendant's negligence. Plaintiff's statement of claim alleges that she was employed at the time of the accident by the National Youth Administration at a monthly wage of eighteen dollars; that she was assigned by the Administration to work on an electric mangle in the laundry of the Children's Home situated in the Institution District; that she was an employee of the National Youth Administration and *not* an employee of the defendant, and that her claim for workmen's compensation had been dismissed by the Compensation Board on that ground; that while she was working at the mangle, her right hand, forearm and upper arm were pulled into its revolving heated press and were crushed and burned, necessitating amputation a few inches below the shoulder. Plaintiff alleges that defendant was negligent in (1) maintaining an antiquated, unprotected and dangerous machine, (2) in failing to correct the defective conditions, (3) in failing to inform plaintiff of any dangers incident to the machine's operation, (4) in violating its statutory duty to equip, maintain and repair the mangle.

Defendant filed a statutory demurrer stating that as a matter of law, no proper cause of action against the defendant had been set forth. The court below sustained the demurrer and directed that judgment be entered in favor of the defendant. From this order and judgment plaintiff took the present appeal.

It is the contention of plaintiff that the Washington County Institution District, which supervised the Home in which the accident to this plaintiff occurred, was a public agency acting in a *proprietary* rather than a *governmental* capacity.

An examination of the operation of this Institution District, however, clearly shows that it was operating in a governmental capacity and is therefore immune from liability for the negligence of its agents. The Act of June 24, 1937, P. L. 2017, Art. III, section 301, 62 PS section 2251, provides that "Each county . . . is hereby created a district to be known as '————— County Institution District', which district shall be a body corporate with the capacity to sue and be sued, to take, hold, lease and convey real and personal property, and to make contracts. The property . . . of each . . . poor district [is] hereby transferred to . . . the institution district". Section 401 of the same act, 62 PS section 2301, provides that the "local authorities shall have the power, and it shall be their duty with funds of the institution district . . . according to rules, . . . and standards established by the State Department of Welfare—(a) To care for any dependent . . . who is not otherwise cared for."

In maintaining the Children's Home, the institution district was caring for the poor as an agency of the state. Its function was therefore clearly a governmental function. *Wildoner v. Central Poor District of Luzerne County,* 267 Pa. 375, 110 A. 175; and see: *Cousins v. Butler County,* 73 Pa. Superior Ct. 86.

Since the plaintiff, at the time she was injured, was working upon an instrumentality used by the Children's Home in carrying out its function as a public agency for the care of the poor, immunity from liability for negligence attaches to defendant. This Court has recently had occasion in the case of *Hartness v. County of Allegheny,* 349 Pa. 248, to review this rule and its

exceptions, and nothing would be gained by repeating here the statements of Mr. Justice HORACE STERN in that case. It is sufficient to say that the cases cited by plaintiff fall within the exceptions mentioned in that opinion and do not apply in the facts of this case.

Plaintiff in her statement of claim designates herself as an employee of the National Youth Administration, referring to a previous decision of the Workmen's Compensation Board regarding that status. We do not have before us the records of the Board, nor is the status of plaintiff at issue on this appeal. However, in passing, it may be pointed out that although plaintiff's salary was paid by the National Youth Administration, this would not be solely determinative of her status as an employee. If such a person is sent to perform services in a state or county institution and is there subject to the direction, control and supervision of the state or county authorities, he or she may have the status of an employee of the latter. The determination of the employment status is a matter of fact in each case and must be determined by the peculiar circumstances of the individual situation. On this point generally see: *McGrath v. Budd Manufacturing Co.*, 348 Pa. 619.

Judgment affirmed.