Walter A. Surowski, Petitioner *v.* Commonwealth of Pennsylvania, Public School Employes' Retirement System, Respondent.

Argued September 14, 1983, before Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*Robert J. Milie,* for petitioner.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 23, 1983:

This is an appeal by the tax collector of the New Kensington-Arnold School District (Petitioner) from a decision of the Pennsylvania Public School Employes' Retirement System Board (Board) which declared him ineligible to participate in the retirement system.[1]

The sole issue raised in this appeal is whether the Board erred in deciding that Petitioner was an independent contractor rather than an employee of the school district.[2] In determining whether a relation-

[1] Petitioner was declared ineligible by a letter from the Pennsylvania Public School Employes' Retirement System in May of 1981. Upon agreement of the parties the matter was submitted on briefs to the hearing examiner, who recommended that Petitioner be denied participation in the retirement system. The Board accepted the hearing examiner's recommendation and denied Petitioner's appeal.

[2] Membership in the Public School Employes' Retirement System is limited to "school employees" by Section 8301 of the Public School Employees' Retirement Code, 24 Pa. C. S. §8301. Section 8102 of the Code, 24 Pa. C. S. §8102 defines "school employee" as the following:

ship is one of employee-employer or independent contractor, certain factors will be considered which, while not controlling, serve as general guidance to the Court. These factors include: the control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time. *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968); *J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 277 A.2d 867 (1971).

The facts established by the Board indicate that since 1954 Petitioner has served both as the elected tax collector for the City of New Kensington and as the appointed tax collector for the New Kensington-Arnold School District, receiving a separate annual salary for each position which is paid directly to him by each employer. Petitioner performs both City and school functions at the New Kensington Municipal Building, under the direction and control of the City, which sets the hours of his employment. The school district reimburses the City for its proportionate share of the costs incurred by the City in providing Petitioner with supplies and a clerical staff. Petitioner's benefits, including social security coverage, vacation, sick leave and insurance are provided jointly

---

Any person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis.

by the City and school district by agreement between the two.

In reaching its decision, the Board acknowledged that the school district's payment of annual salary, contribution to employee benefits, and provision of work supplies were all indicative of an employee-employer relationship. The Board concluded, however, that Petitioner was an independent contractor on the basis of his exclusive control over the manner of his performance. While an employee's control over the manner of his performance is highly significant in determining an independent contractor status, *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781 (3rd Cir. 1978), such control was not established by the facts in this case.

The facts show that Petitioner worked not on his own, but under the supervision and control of the City of New Kensington, which set his hours of employment. Petitioner performed school district functions during these hours under an arrangement between the City and school district which shared salary and expenses. Thus, the school district exercised control over the Petitioner by providing that he be under the City's supervision during the time for which he was compensated by the school district. Petitioner's work situation was a mere delegation of control by the school district to the City, which in no way relinquished control over the Petitioner's performance to the Petitioner himself.

The control exerted over the Petitioner, when taken together with the previously described circumstances surrounding his work, clearly indicates that Petitioner is an employee of the school district, and thus entitled to participate in the Public School Employes' Retirement System. Accordingly, the decision of the Board is reversed.

494

### Order

Now, November 23, 1983, the decision and order of the Board of the Public School Employes' Retirement System in the above referenced matter, dated May 25, 1982, is hereby reversed.

---

CONCURRING OPINION BY JUDGE BARBIERI:

While I agree most heartily with the conclusion reached by the majority, I would not accord to Walter A. Surowski the general status of a Public School Board employe, but would limit his status for the purpose of this case to that of a "quasi-employee", solely for pension purposes, based upon the conclusion that it would be unconscionable to rule him out of the pension system in which he had been allowed to participate as a paying member for 32 years.