522 A.2d 43

Charles W. ZIMMERMAN, M.D., Appellee,

v.

COMMONWEALTH of Pennsylvania, PUBLIC SCHOOL EMPLOYES' RETIREMENT BOARD, Appellant.

Supreme Court of Pennsylvania.

Argued June 3, 1986.

Decided March 10, 1987.

Nicholas J. Marcucci, Herbert C. Goldstein, Harrisburg, for appellant.

Robert E. Wayman, Donald J. McCormick, Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

For more than 35 years Charles W. Zimmerman, M.D. has been the school physician for the Wilkinsburg School District. He has served with skill and care, and is doubtless part of the school memories of several generations. In 1979 the school board sought to place his service under the Public School Employes' Retirement System (PSERS). When his eligibility was denied, he appealed to the Public School Employes' Retirement Board. They adopted the recommendations of the Hearing Examiner who had found

that Dr. Zimmerman was in fact an ineligible independent contractor. He appealed to the Commonwealth Court, and they reversed. *Zimmerman v. Commonwealth of Pennsylvania, Public School Employes' Retirement Board,* 88 Pa.Cmwlth. 289, 489 A.2d 951 (1985). We, unhappily, cannot agree with the Commonwealth Court.

Membership in PSERS is mandatory for all full-time employees. Part-time employees are exempt from mandatory participation, but may opt to join the system:

(a) Mandatory membership. Membership in the system shall be mandatory as of the effective date of employment for all school employees except the following:

. . . . .

(4) Any part-time school employee who has an individual retirement account pursuant to the Federal Act of September 2, 1974 (Public Law 93–406, 88 Stat. 829), known as the "Employee Retirement Income Security Act of 1974" [29 U.S.C. § 1001 *et seq.*]

. . . . .

(c) Optional membership. The school employees categorized in subsection (a)(3) and, if otherwise eligible, subsection (a)(4) shall have the right to elect membership in the system. Once such election is exercised, membership shall commence from the original date of eligibility and shall continue until the termination of such service.

24 Pa.C.S. §§ 8301(a); (c).[1]

To elect membership under section 8301(c) appellee must qualify as a "school employee" which is defined as: "Any person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis." 24 Pa.C.S. § 8102.

Hence, the issue narrows to whether appellee is an employee or an independent contractor.

---

**1.** Public School Employees' Retirement Code. Act of October 2, 1975, P.L. 298, No. 96, § 1 *et seq.*

This Court on several occasions has analyzed the difference between an individual employee and an independent contractor. In *Feller v. New Amsterdam Casualty Co.*, 363 Pa. 483, 70 A.2d 299 (1950), the major characteristic was defined as the exclusive control over performance, the responsibility being only for the result. To determine one's status we set forth an analysis in *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968), which retains it vitality as a guide. That analysis consists in considering:

Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Id.*, 430 Pa. at 370, 243 A.2d at 392 (quoting *Stepp v. Renn*, 184 Pa.Super. 634, 637, 135 A.2d 794, 796 (1957)).

There have been specific cases in which the relationship of physicians has been considered under this criteria. Recently, physicians at Bell Telephone's Employee Clinic were held to be co-employees of their patients and therefore insulated behind the Workmen's Compensation Act[2] from personal liability for malpractice. *Budzichowski v. Bell Telephone Co. of Pennsylvania*, 503 Pa. 160, 469 A.2d 111 (1983). The cases demonstrate that no one factor is dispositive of one's status and that each case must be determined on its own facts. Using *Hammermill* as a guide, we turn to the facts established in this case.

The factual record established below indicates that appellee is present at particular schools from 9 a.m. to 12 noon, Monday through Friday, during the school year. He also attends high school athletic events, most notably football games, to treat player injuries. There is no assertion that appellee's position with the school district is his primary

2. Act of February 28, 1956, P.L. (1955) 1120 *as amended.*

occupation. In fact, appellee derives the bulk of his income from his private practice.

Appellee is paid a fixed amount over a twelve month period, notwithstanding absence due to illness or vacation. Increases in his compensation were generally, but not necessarily, proportional to those granted other school district personnel. His compensation schedule and variations from it were the result of face to face negotiation with the school district superintendent and not the result of across the board changes.

Notably, he is solely responsible for the results of medical treatment given students. On the few occasions when he was unable to attend his duties at an athletic competition, he designated and paid for a substitute physician. He carries his own medical malpractice insurance, no part of which is paid by the school district.

His only fringe benefit is membership in the school district's group life insurance plan. He is not provided with any type of health insurance, and as this suit evidences, he has not previously participated in the school district's pension plan.

In those cases where physicians have been held to be employees the relevant criteria relied upon by the courts included the doctors' full-time presence at the employer's site; protection from personal liability stemming from the physician's negligence; and the existence of comparable treatment by the employer of the physician and other employees in working conditions and fringe benefits. *Budzichowski, supra; Kinloch v. Tonsey*, 325 Pa.Super. 476, 473 A.2d 167 (1984). These factors are substantially missing on this record.

In finding appellee an employee for purposes of PSERS eligibility, the Commonwealth Court relied upon the case of *Surowski v. Commonwealth of Pennsylvania, Public School Employes' Retirement System*, 78 Pa.Cmwlth. 490, 467 A.2d 1373 (1983). There the court found the school district's tax collector, who was also the municipal tax collector, eligible for PSERS membership. *Surowski*, how-

ever, is distinct from the instant case in that there the school district merely delegated supervisory control over their employee to the municipality. Such a finding was based on the district and the municipality sharing expenses of the tax collector's operations; the fact that the tax collector pursued the interests of both entities on a full-time basis; and the inequity which would result in denying the tax collector membership in PSERS after he had contributed to it for thirty-two years.[3] Thus *Surowski* bears small resemblance to the facts of the instant case.

Under the facts and circumstances of this case it is regrettable but inescapable that appellee is an independent contractor, and not a "school employee" as defined in 24 Pa.C.S. § 8102. Consequently, he is unable to choose optional membership in PSERS pursuant to 24 Pa.C.S. § 8301(c).

The order of the Commonwealth Court is reversed.

---

**3.** Appellee, on the other hand, had not made contributions to PSERS over most of his relationship with the school district. He seeks to purchase credit for his service with the school district since 1951.