161 Pa. Commonwealth Ct. 127 (1993)
636 A.2d 268
William J. GOLEBIESKI, Petitioner,
v.
PUBLIC SCHOOL EMPLOYEES RETIREMENT BOARD, Respondent.
Commonwealth Court of Pennsylvania.
Argued September 13, 1993.
Decided December 30, 1993.
Petition for Allowance of Appeal Denied May 10, 1994.
*128 Darrell C. Dethlefs, for petitioner.
Susan Ray Kempski, for respondent.
Before DOYLE and SMITH, JJ., and DELLA PORTA, Senior Judge.
SMITH, Judge.
William J. Golebieski (Claimant) petitions for review of the January 27, 1993 order of the Public School Employees' Retirement Board (Board) denying his request to purchase service credit for the period from August 1, 1955 through *129 September 7, 1960, and dismissing his appeal from the determination of the Public School Employees' Retirement System (PSERS). The issue raised for this Court's review is whether Claimant is entitled to purchase PSERS retirement credit for the period in question during which his responsibilities included teaching physical and health education classes in the Johnsonburg Area School District (School District) while employed and paid by a private employer.
The following are the facts as stipulated to by the parties and adopted by the Board. Claimant had been intermittently employed by the New York and Pennsylvania Paper Company, Inc. (Paper Company), now Penntech Papers, Inc., from 1940 through 1960. During the 1955 through 1960 period in question, Claimant held the title of recreation director and was in charge of the community center, which was owned by the Paper Company. Claimant also taught physical education and health education in the school district during this period. However, there is no payroll record of Claimant's service in the School District for this period, he was not enrolled in PSERS, and he accordingly did not receive credit for this service. Claimant retired from service with the Pine-Richland School District in June 1989 with approximately 25.92 years of service credit.
Claimant's duties for the period at issue included teaching physical education to boys from the School District's elementary and secondary schools; teaching health education at the high school; and teaching physical education for the Holy Rosary Parochial School, which was not part of the School District. The physical education classes were taught at the community center owned by the Paper Company, except for some classes which were taught at the elementary school. Students attended classes taught by Claimant at the community center because the School District's gym facilities were inadequate. Claimant reported students' grades and was required to follow a class schedule and curriculum established by the School District. In addition to the classes he taught, Claimant supervised various sports and/or recreational activities for the community center and from at least 1958 through *130 1960, was responsible for maintaining the community center building. Claimant was paid entirely by the Paper Company.
In August 1977, while an active member of PSERS, Claimant applied to purchase service credit for the five school years from 1955 through 1960. On July 7, 1988, Claimant again requested that he be permitted to purchase credit for the period at issue, which PSERS denied on July 29, 1988. Claimant sought an administrative appeal and the parties stipulated to the facts in lieu of an evidentiary hearing. Based upon the stipulated facts, the hearing examiner recommended a finding in favor of Claimant. On appeal, the Board rejected the hearing examiner's recommendation and found that the service credit Claimant sought to purchase was not considered "previous school service" under the Public School Employees' Retirement Code (Retirement Code), 24 Pa.C.S. §§ 8101-8534, because Claimant was compensated entirely by a private entity and therefore was not providing service as a school employee as that term is defined by the Retirement Code.[1]
Claimant argues that his service for the School District during the years 1955 through 1960 constituted creditable school service. The Retirement Code permits PSERS members to purchase service credit and receive eligibility points for qualifying previous public school service. 24 Pa.C.S. § 8303(c). The term "previous school service" is defined in Section 8102 as service which is rendered as a school employee including service rendered in any summer school conducted by a school district of this Commonwealth prior to the member's most recent entrance into the system. Further, a "school employee" is defined in Section 8102 as any person who is engaged in work relating to a public school for any governmental entity and is receiving regular remuneration for work performed as an officer, administrator or employee excluding, *131 however, any independent contractor or a person compensated on a fee basis.
The term "governmental entity" is defined in Section 8102 as a board of school directors or board of public education, intermediate unit board of directors, area vocational-technical board, governing board of any agency or authority created by them, and the Commonwealth. Finally, an "employer" is defined under the Retirement Code as:
Any governmental entity directly responsible for the employment and payment of the school employee and charged with the responsibility of providing public education within this Commonwealth, including but not limited to: State-owned colleges and universities, the Pennsylvania State University, community colleges, area vocational-technical schools, intermediate units, the State Board of Education, Scotland School for Veterans' Children, Thaddeus Stevens State School of Technology, and the Pennsylvania State Oral School for the Deaf.
Therefore, in order to fall within the definition of school employee, the member seeking credit must show that he or she is engaged in work relating to a public school for a governmental entity and is receiving remuneration as an officer, administrator, or employee.
It is the phrase "relating to a public school" upon which the hearing examiner focused in his opinion. The hearing examiner concluded that Claimant was a school employee because he was engaged, at least in part during the relevant period, in work relating to a public school. However, the Board correctly noted that the hearing examiner's error was that he did not fully consider the remainder of the definition, in particular the phrase "for any governmental entity." A private employer such as the Paper Company is not a governmental entity. As stated by the Board: "In common parlance to `work for' someone is to enter into an employment relationship with that person, in the sense of providing services in exchange for compensation." Board Opinion, p. 9. Although the School District established the *132 class schedule and curriculum for Claimant to follow, such actions do not rise to the level of an employment relationship, specifically where Claimant was paid solely by the Paper Company and had significant other duties as a Paper Company employee which were not related to the School District.[2] Under this analysis, the School District clearly does not fall within the definition of employer because it was not directly responsible for Claimant's employment and payment of compensation.
Claimant asserts that the statute does not specifically require that remuneration must come from the School District. Claimant contends that the legislative intent behind the provision at issue is unclear and in such instances, pension statutes are to be liberally construed in favor of the pensioner. See Panko v. Public School Employees' Retirement System, 89 Pa.Commonwealth Ct. 419, 492 A.2d 805 (1985). However, that the statute does not specify that the remuneration must come directly from the School District is of no moment when the sections referred to above, read in pari materia, demonstrate that Claimant was not in an employment relationship with the School District as that term is defined in the Retirement Code.
Were this Court to apply Claimant's analysis, one who performs service of any kind which is related to a public school, regardless of who actually pays for the service, would be eligible to purchase service credit. The implications of such a construction are readily imaginable and patently untenable. The retirement fund is dependent upon funding from the Commonwealth, the employer, and the school employee. In addition to providing funding, the employer has duties to fulfill such as reporting compensation and changes in employment status or classification. Where a private entity is the employer, there is no accountability to the Board.
*133 Furthermore, this Court need not look beyond the current statutory provisions to determine legislative intent. Claimant contends that a review of previous versions of the Retirement Code reveals the legislature's intent that a school employee be permitted to receive remuneration from sources other than the school district. However, resort to indicia of legislative intent such as legislative history and former law is inappropriate where, as here, a statute's language is clear and unambiguous. Philadelphia Suburban Corp. v. Commonwealth, 144 Pa.Commonwealth Ct. 410, 601 A.2d 893 (1992).
Finally, this Court rejects Claimant's argument that it should apply the analysis set forth in Surowski v. Public School Employes' Retirement System, 78 Pa.Commonwealth Ct. 490, 467 A.2d 1373 (1983), in which this Court reversed a Board determination that a claimant was an independent contractor rather than an employee of a school district. In Surowski, the school district paid the claimant's salary and had control over his activities, and this Court accordingly evaluated a number of factors that must be considered in determining whether a relationship is one of employee-employer or independent contractor. Under the facts in the present matter, such an analysis is unnecessary because it is undisputed that Claimant was not compensated by a governmental entity, but rather by a private company. As the Board stated in its opinion, only when the individual is paid by a government entity is it necessary to determine if he or she may have been an independent contractor or an employee.
Construction of a statute by those charged with its execution and application is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it is clear that such construction is erroneous. Spicer v. Department of Public Welfare, 58 Pa.Commonwealth Ct. 558, 428 A.2d 1008 (1981). Specifically, the Board is charged with execution and application of the Retirement Code and is entitled to deference in its interpretation. Panko. Finding no error in the Board's decision, its order is affirmed.

*134 ORDER

AND NOW, this 30th day of December, 1993, the order of the Public School Employees' Retirement Board is affirmed.
DELLA PORTA, Senior Judge, dissenting.
I must respectfully dissent from the Majority's conclusion that Claimant was not eligible to purchase retirement credits based on its acceptance of the Board's determination that Claimant had not been a school employee because the school district had not paid for his service during the period in question.[1] Such narrow interpretation of the term "school employee" violates, first of all, the general principle that pension statutes are to be liberally construed in favor of a claimant. Borough of Beaver v. Liston, 76 Pa.Commonwealth Ct. 619, 464 A.2d 679 (1983). Even more importantly, the Majority's interpretation is not supported by the well-established statutory construction rules and is against the case law governing an employment relationship.
The Majority first correctly cites Section 8303(c) of the Public School Employees' Retirement Code (Code), 24 Pa.C.S. § 8303(c), on which Claimant bases his claim. Section 8303(c) provides that members of the Public School Employees' Retirement System can purchase credit and receive eligibility points for qualifying "previous public school service," which is defined by the Code, as "[s]ervice rendered as a school employee including service rendered in any summer school conducted by a school district of this Commonwealth prior to the member's most recent entrance into the system." 24 Pa.C.S. § 8102. The term "school employee" is defined in turn as:
Any person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis.
*135 Id. The term "governmental entity" is defined as a "[b]oard of school directors or board of public education, intermediate unit board of directors, areas vocational-technical board, governing board of any agency or authority created by them, and the Commonwealth." Id.
On the basis of these applicable sections of the Code and the relevant definitions contained therein, the Hearing Examiner concluded, correctly I believe, that Claimant had been a prior school employee and was entitled to purchase retirement credits sought herein. Claimant clearly met the definition of a school employee because the parties stipulated that he was engaged as a health and physical education teacher in the public schools for the Johnsonburg Area School District from 1955 until 1960; for that work he received regular remunerating salary of $5600 a year as an employee and not as an independent contractor nor as a person compensated on a fee basis.
The Majority seeks to find support for its conclusion by turning to the definition of the term "employer" which is not involved in any of the above-cited applicable parts of the Code. Clearly, that definition is not determinative in deciding the issue before this Court because the definition of "school employee" does not provide that regular remuneration must be received "from the employer." This Court is without authority to insert words into a statutory provision where the legislature has failed to supply them. Latella v. Unemployment Compensation Board of Review, 74 Pa.Commonwealth Ct. 14, 459 A.2d 464 (1983).
Since at most it is not clear whether the legislature intended to limit the right to purchase retirement credits only to claimants whose salaries were paid by the school district, we must determine whether there was an employment relationship between Claimant and the school district. See Sweet v. Pennsylvania Labor Relations Board, 457 Pa. 456, 322 A.2d 362 (1974), wherein the Court resorted to the existence of an employment relationship because the definition of "employee" or "employer" in the statute was inapplicable.
*136 The Code fails to define "employment" or "employment relationship." We must therefore look to the common law principles governing employer-employee relationship including the test developed in other areas of the law to determine the existence of such relationship. Sweet; Department of Labor & Industry v. Pennsylvania Human Relations Commission, 118 Pa.Commonwealth Ct. 163, 545 A.2d 412 (1988).
In Sweet, the Pennsylvania Supreme Court set forth the factors to be considered in deciding the existence of an employment relationship as follows:
The relation of employer and employe exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done. . . . The duty to pay an employe's salary is often coincident with the status of employer, but not solely determinative of that status.

Id. 457 Pa. at 462, 322 A.2d at 365 (citations omitted) (emphasis added).[2] Thus, in Rodgers v. Washington County Institution Dist., 349 Pa. 357, 37 A.2d 610 (1944), the Supreme Court observed that where a person whose salary was paid solely by the National Youth Administration was sent to perform services in a state or county institution and was subject to the control and direction of the latter, she could be an employee of the latter.[3] Hence, the Board and the Majority erroneously *137 rely upon the payment of the salary as an exclusive consideration in deciding the existence of an employment relationship between Claimant and the school district.
The determination of the employment status is a matter of fact and must be determined by the peculiar circumstances of each case. Rodgers. The parties herein stipulated that Claimant taught the health and physical education courses for the fifth through tenth grade students for five years; the students' attendance in those courses was mandatory and they received credits toward graduation; Claimant reported the students' grades on report cards; Claimant was required to follow a class schedule and curriculum as established by the school district; and during the period in question Claimant's picture appeared as a faculty member in the Johnsonburg Area High School yearbooks.
These stipulated facts amply demonstrate, and it is undisputed, that the school district, not the private company, had control over the work of Claimant as a school teacher and the manner in which the work was to be done. Further, the fact that when Claimant applied for a teaching position with the school district he presented his college transcripts and his teacher's certification demonstrates the school district's "right to select the employe." Sweet. Although any arrangement made between the private company and the school district is not on the record, it is also obvious that the school district could have terminated Claimant's service at any time for whatever reasons.
Therefore, applying the test set forth in Sweet and the case law governing an employment relationship to the unique facts presented in this case, I am compelled to conclude that an employment relationship existed between Claimant and the school district and that Claimant was therefore a school employee during the period in question. Additionally, this *138 conclusion comports with the general principle that pension statutes are to be liberally construed in favor of a claimant. Liston. Also, it would seem to me that given the existing crisis in our public school system, it is in the interest of society to encourage this type of arrangement with private enterprise.
Accordingly, I would reverse the Board's decision.
NOTES
[1] This Court's scope of review of the Board's order is limited to determining whether the Board committed an error of law, whether constitutional rights were violated, or whether necessary factual findings are supported by substantial evidence. Laurito v. Public School Employes' Retirement Board, 146 Pa.Commonwealth Ct. 514, 606 A.2d 609 (1992).
[2] As noted by the Board, some of the non-School District duties included teaching classes for the Holy Rosary Parochial School, supervising the adult recreational program and the community playground, and maintaining the community center building.
[1] In addition to his duties as a health and physical education teacher, Claimant also worked for a private employer which paid him a regular salary of $5600 a year for his service to the school district.
[2] In Surowski v. Public School Employes' Retirement System, 78 Pa.Commonwealth Ct. 490, 467 A.2d 1373 (1983), this Court considered the issue of whether a tax collector who served both as the elected tax collector for the city and the school district was an employee of the school district or an independent contractor. In resolving the issue, the Court considered similar factors including the control of the manner in which work is to be done; the nature of the work or occupation; whether the work is part of the regular business of the employer; and the right to terminate the employment at any time. Although the issue presented in Surowski is not the same, the analysis adopted there is instructive in deciding the issue in this matter.
[3] See also Harmony Volunteer Fire Co. & Relief Ass'n v. Pennsylvania Human Relations Commission, 73 Pa.Commonwealth Ct. 596, 459 A.2d 439 (1983) (the employer's power to control the nature and the parameters of the employee's activities is the key to the employment relationship, and the duty to pay a salary is not an absolute prerequisite); Wilkinson v. K-Mart, 412 Pa.Superior Ct. 434, 603 A.2d 659 (1992) (the key element in determining the employer-employee relationship in workers' compensation cases involving borrowed-employee situations is a right to control the work to be done and the manner in which the work is performed, and the payment of wages is only peripheral matters and not controlling in resolving the issue).