Joseph M. CRIMMINS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PUBLIC SCHOOL EMPLOYEES' RETIREMENT BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.
Decided Nov. 14, 1996.

Vito F. Canuso, Jr., Philadelphia, for Petitioner.

Lenann T. Miller, Assistànt Counsel, for Respondent.

Before SMITH and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Joseph M. Crimmins appeals a Public School Employes' Retirement Board (Board) decision adopting a hearing examiner's recommendation that Crimmins' application for membership in the Public School Employes Retirement System (PSERS) be denied.

The sole question involved in this appeal is whether, under the circumstances, Crimmins, as the tax collector for the Haverford School District (School District), was an employee eligible for PSERS membership or an independent contractor. Crimmins, a member of the *State* Employees Retirement System by virtue of six and a quarter years of state service, applied in 1993 for "multiple service" eligibility. Multiple service is defined in the Public School Employes' Retirement Code (Code)[1] as "credited service of a member who has elected to combine his ... service in both the Public School Employes' Retirement System and the State Employees Retirement System." 24 Pa.C.S. § 8102. Crimmins was advised that to receive multiple service credit for his years as the School District tax collector, he had to apply to purchase and be credited with school service. Membership in the Public School Employes' Retirement System is limited by Section 8301 of the Code, 24 Pa.C.S. § 8301, to "school employees". Section 8102 of the Code, 24 Pa.C.S. § 8102, defines "school employee" as

> [a]ny person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis.

In *Zimmerman v. Commonwealth Public School Employes' Retirement Board*, 513 Pa. 560, 522 A.2d 43 (1987), the Supreme Court reaffirmed the broad factors to be examined in determining the difference between an employee and an independent contractor. The Court said the following factors were important.

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

> .      .      .      .

> The cases demonstrate that no one factor is dispositive and that each case must be determined on its own facts.

*Id.*, 513 Pa. 560, 563, 522 A.2d 43, 45 (citations omitted).

The hearing examiner made thirty-seven findings of fact. The Board adopted most of them, but made some changes and added some of its own findings.

In the interest of clarity and completeness, we repeat the relevant findings made by the hearing examiner.

2. Claimant was appointed to the duties of tax collector for the Haverford School District ("School District") when the former tax collector passed away, and was later reappointed to that position.

3. Claimant served as the Haverford School District tax collector from May 1972 to June 1974 and from June 1975 to June 1978.

4. Claimant received a salary of $8,000, paid biweekly, for each of the first four one-year periods, and was paid $7,999.94 for the last.

5. Claimant's salary was paid on a W–2 form.

6. Federal income taxes and social security taxes were deducted from Claimant's biweekly salary.

7. Claimant did not receive fringe benefits from the School District. By agreement of the School District and Haverford Township, the township provided Claimant with paid Blue Cross/Blue Shield medical insurance.

8. The School District did not make contributions to the Public School Em-

1. Public School Employees' Retirement Code, 24 Pa.C.S. §§ 8101–8534.

ployes' Retirement System ("PSERS") on Claimant's behalf.

9. The School District provided its employes with fringe benefits including health care, insurance, paid vacation and sick leave, and made contributions to PSERS on their behalf.

10. The School District did not have a job description for Claimant. Claimant's job duties were determined by statute, the Local Tax Collector Law, 72 P.S. § 5511.1 *et seq.*

11. The School District did not complete performance evaluations for Claimant.

12. The School District had job descriptions and completed performance evaluations for its full time employes.

13. Claimant did not have an office on School District property, but worked in an office provided by the township in the township municipal building.

14. The hours of the Claimant's tax collector's office in the township building were 9:00 a.m.–4:00 p.m. and these hours were determined by the Claimant in cooperation with the township and school district. The township offices were open a half-hour longer than Claimant's.

15. The School District did not reimburse the township for furnishing Claimant's office.

16. Claimant hired his assistants and paid them from a checking account titled in the name of Joseph M. Crimmins, Tax Collector.

17. Claimant paid his employes' fringe benefits including health insurance, unemployment compensation, and workers' compensation.

18. Claimant set the work hours of his employes.

19. Claimant's employes were not members of PSERS and he did not make contributions to PSERS on their behalf.

20. Claimant ordered the bills to be used in tax collection and had them printed, reflecting his office hours, and subsequently submitted them to the School District for approval and reimbursement.

21. The School District, pursuant to the Local Tax Collection Law, provided Claimant with the printing, envelopes, and postage required to dispatch the tax bills.

22. The School District did not provide Claimant with office furniture, supplies, copy machines, computers or software.

23. The School District, pursuant to the Local Tax Collection Law, purchased a surety bond covering Claimant.

24. As permitted by the Local Tax Collection Law, the School District required Claimant to turn over collected funds on a more frequent basis.

25. By letter dated November 23, 1993, SERS informed PSERS that Claimant had requested multiple service membership and requested information regarding Claimant's status.

26. By memorandum dated December 3, 1993, PSERS informed SERS that Claimant had never contributed to PSERS.

The Board added these findings:

4. Claimant's annual salary for collecting school taxes was determined by vote of the School District's board of directors.

5. Unlike its regular employees, the School District did not maintain time records for Claimant.

6. Claimant's office was an elective position. The School District did not have the same right to hire or fire Claimant as it would have had with respect to a teacher or school administrator.

7. The School District did not dictate the details of how Claimant was to perform his duties as school tax collector.

■ Our scope of review in this case is limited to a determination of whether there has been a constitutional violation or an error of law or whether the necessary findings of fact are supported by substantial evidence. 72 Pa.C.S. § 704. *Estate of McGovern v. Commonwealth State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

In this appeal, Crimmins contends that the Board made an error of law when it found he was an independent contractor. In support of this contention, Crimmins places great reliance on the case of *Surowski v. Commonwealth Public School Employees' Retirement System*, 78 Pa.Cmwlth. 490, 467 A.2d 1373 (1983), in which the Board found that a tax collector who worked for both a city and a school district was an independent contractor. This Court reversed the Board's decision and held that the tax collector was PSERS eligible.

In that case, the tax collector was paid separately by both the city and the school district, his hours were set by the city, the school district reimbursed the city for its proportionate share of costs incurred by the city for supplies and a clerical staff. The tax collector also received benefits which were provided jointly by the city and the school district by agreement between them. The concurring opinion in that case pointed out that the tax collector had contributed to the pension system for thirty-two years. Crimmins has made no contributions.

The Board, on the other hand, relies on the Supreme Court's *Zimmerman* decision, which held that a doctor who was present at particular schools from 9:00 a.m. until noon five days a week, and who received no benefits other than group life insurance, was not a school employee.

In that case the Supreme Court held

In those cases where physicians have been held to be employees the relevant criteria relied upon by the courts included the doctors' full-time presence at the employer's site; protection from personal liability stemming from the physician's negligence; and the existence of comparable treatment by the employer of the physician and other employees in working conditions and fringe benefits. *Budzichowski [v. Bell Telephone Co.*, 503 Pa. 160, 469 A.2d 111 (1983)] *supra; Kinloch v. Tonsey*, 325 Pa.Super. 476, 473 A.2d 167 (1984). These factors are substantially missing on this record.

The Court then distinguished *Surowski* on the grounds that, there, the school district had supervisory control of the collector; the school district and city shared his full-time services; and that the applicant was a thirty-two year contributor to PSERS, while Dr. Zimmerman had not made contributions.

In order to focus on the problem of this case, we must make two observations first. Initially, we note that Crimmins was admittedly not a full-time employee of the School District. However, that fact does not prevent him from being an employee for PSERS purposes. Under the Code, part-time employees may exercise an option to become a member.[2] Crimmins seeks to exercise that option. One further observation is necessary in order to answer the Board's argument that, since certain School District actions were mandated by the Local Tax Collection Law[3]—namely, the setting of Crimmins' salary and its payment of the bond—those actions should not be considered. We disagree because the conditions and duties of employment are important in defining the relationship whether they are as a result of a statutory mandate or otherwise. We also recognize that, although Crimmins was not the typical school district employee subject to performance ratings and the like, this fact does not preclude the finding that Crimmins had employee status. With these thoughts in mind, we turn to deciding that status.

As noted, the cases involving the distinction between an employee and an independent contractor are all very factually dependent and no one fact is determinative. *Zimmerman*. In this case, the following facts on their face indicate that Crimmins was an employee. First, he was paid by the School District, which set his salary and treated him like an employee by deducting federal taxes, using a W-2 form. Second, the School District provided him with the printing, envelopes and postage to dispatch tax bills. He had the bills printed and was then reimbursed by the school district. Third, the School District paid for his surety

2. Section 8301 of the Code, 24 Pa.C.S. § 8301(a),(c).

3. Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §§ 5511.1–5852.

bond. Fourth, the School District required him to turn over collected funds on a more frequent basis than was required by the Local Tax Collection Law. Finally, by agreement between the School District and the township, the township provided medical insurance to Crimmins.

On the other hand, the following facts support the conclusion that Crimmins was not an employee. First, the School District paid no expenses toward the office where the tax collector worked in the township building. Second, Crimmins hired assistants and paid them and their fringe benefits himself. The School District had no control or input into the terms of their employment. Third, the School District did not pay for Crimmins' office furniture or equipment such as copy machines. Fourth, the School District did not have the right to fire him or supervise or evaluate his work as it would have had with respect to a teacher or school administrator; it kept no performance records on him. Fifth, his hours of work were determined *in cooperation with* the School District; it had no control over Crimmins' absences or vacation schedule.

We have carefully considered this case, which is not without its difficulties, and for the following reasons agree with the Board's conclusion that Crimmins was not an employee for the purpose of PSERS.

One indication of the independent arrangement Crimmins had is found in his testimony on the staff of the tax collector's office.

Q: Were there other people working in that office besides you?

A: Yes.

Q: How many others?

A: That varied, but at least four.

Q: At least four other people?

A: Yes.

Q: What were their responsibilities?

A: They were my employees.

Q: You got paid $8,000? Out of the $8,000, you paid these people monies to be there?

A: Part of it, yes. And I got paid from the county and I got paid from the township.

Q: So you actually wrote checks to these people?

A: Yes.

Q: On what kind of an account? What was the account entitled? What was the name on the checking account?

A: Joseph M. Crimmins, Tax Collector. By first-class township code, the elected office of the tax collector becomes the treasurer and the tax collector for all taxes collected in that district.

Q: These people that you were paying, did they have any, like, Blue Cross-Blue Shield benefits?

A: One of them did.

Q: One of them did?

A: One or two, yeah.

Q: Who paid for that?

A: I did.

Q: How, by paying the township, reimbursing the township?

A: Yes.

Q: Do you set the hours for these other people to come and go into work?

A: Yes.

Q: The number of other people that worked there besides yourself, that number was determined by you, not by the township or the school district?

A: That's correct.

  .    .    .    .    .

Q: Did you carry any kind of liability insurance in the event someone tripped and fell in the office?

A: No; the township did.

Q: Did you carry any—

A: I carried unemployment on my people.

Q: What about workmen's comp.?

A: Yes.

Q: You paid for that out of your fees?

A: Yes.

(Notes of Testimony (N.T.), Administrative Hearing, May 17, 1995, pp. 18–19, 27). While in certain circumstances it is possible that an employee may act to hire and supervise other employees and thus act as both employer *and* employee, it is not generally an *employee* who hires and pays workers' wages and

benefits or who has sole authority over their schedules; it is not an employee who carries unemployment and worker's compensation insurance, but an *employer*. Thus, when Crimmins hired and paid wages and benefits of these staffers he was acting as an independent contractor-employer.

Moreover, another indication of the measure of control Crimmins had over his own work, to the exclusion of the School District, can be found in the testimony he gave concerning his schedule. In response to inquiries by the hearing examiner and by the School District counsel on vacation and sick leave, Crimmins testified that he was not required to get School District approval. Crimmins would simply advise the School District business manager that he would be on vacation. (N.T., 5/17/95, pp. 16, 30–31). As well, on the hours of operation, Crimmins testified that he could fix them as he desired, and, although he felt the School District approved the schedule he had imprinted on the tax bills, "[i]t was my decision in cooperation with the township and the school and the county." (N.T., 5/17/95, pp. 23–24).

Crimmins, tax collector for the county, township and School District, performed no work on School District property other than to deliver to the school raw data on tax payments. The School District kept no records, no time sheets, and no job description of his position. All of these factors tend to establish that Crimmins' performance of services was in the nature of an independent contractor rather than an employee.

It is true that the School District business manager testified that the School District required tax collections be turned in earlier than was required by the Local Tax Collection Law. (N.T., 5/17/95, p. 39). However, this same requirement could easily have been made a condition of an independent contract for such services, and therefore is no strong indication that the School District exercised an employer's control over Crimmins' work.

The record is not clear on whether Crimmins was elected or appointed to the position of *school district* tax collector,[4] This factor goes to the School District's ability to terminate Crimmins, because our constitution provides for different methods of removing elected and appointed municipal public officers. PA. CONST. Art. 6, § 7. The confusion in the record does not impede our decision, however, for the ability to terminate is only one of many factors to be considered and does not override those several factors which indicate Crimmins was not a school district employee.

Finally, we look to the fact that the School District issued a W–2 tax form to Crimmins and withheld FICA and federal taxes from his salary check. These factors are the strongest indicia of an employer-employee relationship. Indeed, were it not for factors indicating otherwise—particularly that Crimmins hired, supervised and paid his own employees, presumably to do work for the three entities for which he collected taxes—the fact that the School District acted as an employer in remunerating Crimmins would lead to a different determination. Nonetheless, against this factor we must consider not only that Crimmins hired his own employees, but also that the School District exercised little, if any, control over his schedule (certainly no more control than that which could be embodied in a contract); that Crimmins received none of the benefits packages the School District gave to its employees; that Crimmins alone was responsible for the result of his work (collection of taxes), the School District playing no supervisory role in it; that Crimmins' tax collection activities were distinct from the regular business of the School District and were additionally performed for other entities; and that township tax collectors are elected public officials, not subject to traditional, at-will termination as are the usual employees. Given the totality of the circumstances in this case, we hold that the Board was correct in its conclusion that Crimmins was not a PSERS eligible employee.

The Order of the Public School Employees Retirement Board is therefore affirmed.

4. The record indicates that Crimmins was *elected* township tax collector and was appointed to fill a vacancy created by the death of the previous *school district* tax collector. It is unclear whether Crimmins was subsequently elected to the latter position.

## ORDER

AND NOW, this 14th day of November, 1996, the April 12, 1996 decision of the Public School Employes' Retirement System, at No. 1994–18, is hereby affirmed.