**Martin T. GROGAN, Petitioner,**

v.

**PENNSYLVANIA PUBLIC SCHOOL EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 17, 1998.
Decided April 22, 1998.

---

Martin F.P. Vinci, III, McKees Rocks, for petitioner.

Lenann T. Miller, Harrisburg, for respondent.

Lee V. Price, Pittsburgh, for intervenor, Moon Area School District.

Before DOYLE and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

■ The issue is whether Martin T. Grogan (Grogan) is an independent contractor or an employee of the Moon Area School District (school district). Grogan was appointed in 1959 to fill a vacancy as the Tax Collector for Moon Township (the township), and has since been elected to that position up to and including the time of the hearing in this matter. If Grogan is deemed a school district employee, then he is entitled to participate in the Public School Employees' Retirement System (PSERS). Because we conclude that Grogan was and is not a school district employee, the decision of the Public School Employes' Retirement Board (Board) denying Grogan's participation in PSERS is affirmed.

The relevant facts are as follows. In 1959, Grogan was appointed to fill the vacant position of Tax Collector for the township, which is an elected position. Subsequent to his appointment in 1959, Grogan has been continuously elected as Tax Collector up to and including the time of the hearing in this case. As Tax Collector, Grogan also is responsible for collecting taxes for the school district.

On May 18, 1994, Grogan made a request for membership in PSERS, which was denied. The matter proceeded to an administrative hearing on May 1, 1996 to determine Grogan's eligibility for participation in PSERS. By proposed report dated September 30, 1996, the hearing examiner found that Grogan was not an employee of the school district but rather an independent contractor and thus not eligible for participation in PSERS. Grogan appealed to the Board, which, by opinion and order dated April 21, 1997, adopted the hearing examiner's proposed findings of fact, discussion, and conclusions of law with one minor modification not relevant to this appeal.

The relevant findings of fact, as found by the hearing examiner and adopted by the Board, are as follows:

1. In 1959 Claimant was appointed to fill the vacant position as Tax Collector for Moon Township.

2. Subsequent to his appointment in 1959, Claimant has been continuously elected to the position as Tax Collector up to and including the time of the hearing in this matter.

\* \* \* \*

5. Claimant is paid his salary from the same general fund and on the same day that the [school district] pays others on its payroll who are subject to Federal income tax and FICA withholding.

6. The [school district] withholds Federal Taxes from Claimant's salary and annually provides him with a W–2 form.

7. Occupational privilege taxes are deducted from Claimant's salary.

\* \* \* \*

11. Claimant has never received health insurance benefits, workers' compensation coverage or pension benefits form [sic] the [school district].

12. The Claimant has never received paid vacation or sick leave from the [school district].

13. The [school district] routinely provides employes with health insurance benefits, life insurance benefits, pension benefits and paid vacation and sick leave.

14. The [school district] does not have a job description for Claimant.

15. The [school district] has not completed any performance evaluations for the Claimant.

16. The [school district] routinely maintains job descriptions and performance evaluations for employes.

17. Claimant has not been required to submit time records to the [school district].

18. Claimant has not been required to notify the [school district] when he will be absent from the tax collection office.

19. Claimant does not have an office on property owned or rented by the [school district].

20. Claimant refused to relocate his office when requested to do so by Moon Township and the [school district].

21. Neither Moon Township nor the [school district] can force Claimant to place his office at any particular location.

\* \* \* \*

23. The [school district] provides Claimant with reimbursement for office expenses such as equipment, supplies, postage, printing, books, blank forms and bonds.

24. Claimant's daily activities in the tax collection office are not supervised by the [school district].

25. Claimant hires his own employees to help him with the tax collection duties, and pays them from his own account.

\* \* \* \*

27. Claimant does not have an employment contract with the [school district].

28. The [school district] routinely enters into employment contracts with its employes.

29. On February 10, 1993, Moon Township and the [school district] adopted Resolution R–14–1993 which among other things established the compensation for the office of tax collection effective January 1994 and apprised 'the holder of said office of some of the duties, responsibilities and expectations of this office by the Moon Township Board of Supervisors.'

30. Among the expectations listed is the following provision:

Other reasonable rules and regulations shall be adopted as necessary to effectuate the efficient and businesslike operation of the Office of Tax Collection for the Township of Moon and Moon Area School District.

Regarding Findings of Fact Nos. 29 and 30, which suggest that the school district controlled the manner of performance of Grogan's job, the Board found as follows:[1]

---

1. As noted above, the Board adopted the hearing examiner's findings of fact, discussion, and con-

clusions of law. Thus, this passage actually is

Claimant [Grogan] initially places a great deal of emphasis upon the effect of Resolution R–14–1993. According to Claimant that document demonstrates that the [school district] exercised the kind of control over the manner in which Claimant worked indicative of an employer-employe relationship. Specifically, Claimant points to the provision[ ] which ... reserves the right unto the Township and the [school district] to adopt "other reasonable rules and regulations as necessary to effectuate the efficient and businesslike operation of the office.... [W]hen viewed as part of the record as a whole, the Resolution does not have the import which Claimant ascribes to it. Notwithstanding the potential for the [school district] to control aspects of Claimant's work implied in the Resolution, the evidence produced establishes otherwise. Simply stated, the [school district] did not in fact exercise control over the manner in which Claimant collected his taxes nor otherwise treat him in the same manner it treated its other employes.

On appeal to this Court,[2] Grogan argues that the Board erred in denying his request for participation in PSERS because his position as Tax Collector qualifies him as a "school employee" under the Public School Employes' Retirement Code (Code).[3]

Membership in PSERS is limited to "school employees" by Section 8301 of the Code,[4] which defines "school employee" as follows:

Any person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or person compensated on a fee basis.

PSERS, in contrast, argues that Grogan is not, nor was he ever, a "school employee" while working as the Tax Collector but rather is an independent contractor and thus not eligible for participation in PSERS.

In *Zimmerman v. Public School Employes' Retirement Board*, 513 Pa. 560, 522 A.2d 43 (1987), the Supreme Court established a ten-part test to be used as a guide in determining whether an individual is an employee or an independent contractor. The test consists of the following factors: (1) control of the manner in which the work is to be done; (2) responsibility for result only; (3) terms of the agreement between the parties; (4) the nature of the work or occupation; (5) the skill required for performance; (6) whether one is engaged in a distinct occupation or business; (7) which party supplied the tools; (8) whether payment is by time or by the job; (9) whether the work is part of the regular business of the employer; and (10) whether there exists a right to terminate the employment at any time.

The Court in *Zimmerman* further stated that no single factor is dispositive and that each case must be determined on its own facts.

Turning to the facts of this case within the *Zimmerman* framework, we conclude that Grogan is an independent contractor and not an employee of the school district in his position as Tax Collector for the township and the school district.

Regarding the first factor from *Zimmerman*, "control over the manner in which the work is to be done," the Board found that the school district did not have a job description nor did it complete any performance evaluations for Grogan. (Findings of Fact (FF) Nos. 14 and 15). The school district did, however, routinely maintain job descriptions and provide performance evaluations for those individuals that it considered employees. (FF No. 16). Grogan is not required to notify the school district when he will be absent from work. (FF No. 18). The school district cannot force Grogan to place his of-

found in the hearing examiner's proposed report dated September 30, 1996.

**2.** Our review is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. 72 Pa.C.S. § 704; *Crimmins v. Public School Em-*

*ployees' Retirement Board,* 685 A.2d 232 (Pa. Cmwlth.1996).

**3.** 24 Pa.C.S. §§ 8101–8534.

**4.** 24 Pa.C.S. § 8301.

fice in any particular location, and in fact Grogan refused to move his office when requested to do so by the township and the school district. (FF Nos. 20 and 21). Finally, the Board found Grogan's daily activities in the tax collection office are not supervised by the school district. (FF No. 24). All of these factors suggest that Grogan is an independent contractor.

There are, however, some Findings of Fact relevant to the first factor, which suggest that Grogan may be an employee of the school district. Specifically, the Board found that Resolution R–14–93 provided the school district with some authority to adopt reasonable rules and regulations to ensure the efficient operation of the Office of Tax Collection. (FF Nos. 29 and 30). We agree, however, with the conclusion of the Board, reproduced above, that the Resolution does appear to possibly provide the school district with some authority to regulate the running of the tax collection office but that the school district does not in fact exercise such authority. The first *Zimmerman* factor, therefore, supports the Board's conclusion that Grogan is an independent contractor.

Turning to the second factor, "responsibility for result only," the Board found that Grogan hires his own employees and pays them from his own account. This strongly suggests that the school district is only concerned that the taxes are properly collected and handled, and that Grogan has discretion to hire his own staff to assist in providing this desired end result for the school district. *Crimmins*, like this case, involved a tax collector's attempt to be declared an employee of the school district so that he could participate in PSERS. This Court denied the tax collector's request partly on the grounds that he hired and supervised his own employees. Said the Court, "[w]hile in certain circumstances it is possible that an employee may act to hire and supervise other employees and thus act as both employer *and* employee, it is not generally an *employee* who hires and pays workers' wages.... Thus, when Crimmins hired and paid wages and benefits of these staffers he was acting as an independent contractor-employer." *Crimmins,* 685 A.2d at 236–237 (emphasis in original).

The third factor, "terms and conditions of the agreement between the parties," is a broad factor on which the Board made numerous findings, both in favor of and against the proposition that Grogan is a "school employee." In favor of this proposition, the Board found that Grogan is paid his salary from the same general fund and on the same day that the school district pays its other employees, and that the school district withholds taxes from Grogan's salary and provides him with a W–2 tax form. (FF Nos. 5, 6, and 7).

Against the proposition that Grogan is a school employee, however, the Board made more numerous and persuasive findings. For example, the Board found that Grogan never received health or life insurance benefits, pension benefits, workers' compensation coverage, or paid vacation or sick leave from the school district, while the school district *does* provide such benefits for those individuals considered school employees. (FF Nos. 11, 12, and 13). Grogan does not have an office on property owned or rented by the school district. (FF No. 19). Finally, Grogan does not have an employment contract with the school district, while the school district routinely enters into employment contracts with individuals considered to be its employees. (FF Nos. 27 and 28).

Concerning the seventh factor, "which party supplies the tools," the Board found that the school district reimburses Grogan for various office expenses, (FF No. 23), which favors a finding that Grogan is a school district employee.

On the eighth factor, "whether payment is by the time or by the job," the Board found that Grogan is not required to submit time records to the school district, (FF No. 17), which suggests that Grogan is an independent contractor.

Finally, with respect to the tenth factor in the multi-factored *Zimmerman* test, "whether there exists a right to terminate the employment at any time," the Board made the significant finding that Grogan's is an *elected position.* Because Grogan is elected, the

school district does not have the authority to discharge him, which is inconsistent with the notion that Grogan is an employee of the school district.

Given the totality of the facts of this case, we conclude that the Board correctly determined that Grogan is and always was an independent contractor and thus is not eligible for participation in PSERS.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 22nd day of April, 1998, the order of the Public School Employes' Retirement Board in the above-captioned matter is hereby affirmed.