**Sandra G. RIMBEY, Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYEES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 2002.

Decided Dec. 13, 2002.

Harold G. Caldwell, Troy, for petitioner.

Letitia Ann Dyer, Harrisburg, for respondent.

Ellis H. Katz, New Britain, for intervenor, Athens Area School District.

BEFORE: McGINLEY, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Sandra G. Rimbey (Claimant) appeals from an order of the Commonwealth of Pennsylvania Public School Employees' Retirement Board (Board) which adopted a Hearing Examiner's recommendation denying Petitioner membership in the Public School Employees Retirement System (PSERS) based on her claim that she was an employee of the Athens Area School District (School). We affirm.

■ The sole issue raised on appeal[1] to this Court is whether or not Claimant, the Tax Collector for the School, is a School employee eligible for membership in PSERS. PSERS limits its membership to "school employees." 24 Pa.C.S. § 8301. A "school employee" is defined as follows:

> Any person engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis.

24 Pa.C.S. § 8102.

In *Zimmerman v. Public School Employes' Retirement Board*, 513 Pa. 560, 563, 522 A.2d 43, 44–45 (1987), the Pennsylvania Supreme Court explained that the major difference between an employee and an independent contractor was "the exclusive control over the performance, the responsibility being only for the result." The Court also set forth a ten-part test to be used in analyzing whether a person was an employee or an independent contractor. It consists of the following factors:

■ Control of manner work is to be done; [2.] responsibility for result only; [3.] terms of agreement between the parties; [4.] the nature of the work or occupation; [5.] skill required for performance; [6.] whether one is engaged in a distinct occupation or business; [7.] which party supplied the tools; [8.] whether payment is by the time or by the job; [9.] whether work is part of the

1. Our scope of review of a decision of the Board is limited to determining whether the necessary findings are supported by substantial evidence and whether there was an error of law or a constitutional violation. *Hawes v. Public School Employes' Retirement Board,* 778 A.2d 1277 (Pa.Cmwlth.2001).

regular business of the employer, and also [10.] the right to terminate the employment at any time. *Zimmerman,* 513 Pa. at 563, 522 A.2d at 45.

The uncontroverted facts found by the Hearing Examiner establish that: Claimant is an elected Tax Collector; the School pays her four dollars and forty five cents per tax bill collected; and, in order to be paid, Claimant submits a "Tax Collector's Compensation" report, which states the total bills paid for that period. (R.R. at 157A).

Those facts, as found by the Hearing Examiner, which support Claimant's assertion that she is an employee of the School are that: the School deducts taxes from her pay and issues her a W–2 form; the School pays her bi-weekly as it pays all other employees; the School provides her with the forms, envelopes and postage to send out the tax bills; the School provides her with audit trails and instructs her on how to remove or add individuals from the tax roles; and, she attends school board meetings when requested.

The facts found by the Hearing Examiner suggesting that Claimant is an independent contractor are that: she does not receive paid health insurance, sick leave, disability coverage, life insurance or paid vacation time, as do all other School employees; the School does not have a job description for Claimant, as it does for all employees; when Claimant takes a vacation, she does not seek permission from the School to do so; she does not submit time records to the School, or notify it if she is absent; the School conducts performance evaluations on all its employees, but it does not perform one on Claimant; Claimant does not have an office on School property; Claimant moved her office from her home into an office building without seeking permission from the School; she changed her office hours twice without seeking permission from the School; and, the School does not provide her with any office equipment or pay utility bills or insurance for her office.

The Hearing Examiner determined that Claimant was not eligible for membership in PSERS as she was paid a fee. The Hearing Examiner also conducted a further well-detailed and well-reasoned analysis, determining that Claimant was also not eligible for membership in PSERS as she was an independent contractor. (Opinion of Hearing Examiner, R.R. 257A–277A).

The evidence presented at the hearing before the Hearing Examiner establishes that Claimant was paid a fee by the School for her work as Tax Collector. As such, under 24 Pa.C.S. § 8102 she cannot be considered for membership in PSERS. Claimant's argument that computing her pay based on the number of tax bills collected was merely a convenient way of calculating her hourly rate is disingenuous and meritless. The evidence is uncontroverted that in order to receive payment by the School, Claimant filled out forms numbering the amount of tax bills collected over a certain time period and requested the fee of four dollars and forty-five cents per tax bill collected. As Claimant is paid a fee, she cannot be considered a school employee.[2]

---

2. As we have determined that the Board properly concluded that Claimant was paid a fee for her services, we need not determine if she is also an independent contractor. However, we note that the facts in this case are almost identical to the facts presented in *Grogan v.*

*Pennsylvania Public School Employes' Retirement Board,* 711 A.2d 558 (Pa.Cmwlth.1998), in which we determined that claimant tax collector was an independent contractor and thus not entitled to membership in PSERS.

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 13th day of December, 2002, the order of the Public School Employees' Retirement Board, dated June 17, 2002, is affirmed.