Arthur BOYLE, an individual; Westmoreland County; Barbara Hinkle, an individual; Sheri H. Boyle, an individual; Charles L. Moorek, an individual; and Rebecca B. Humphrey, an individual,

v.

MUNICIPAL AUTHORITY OF WESTMORELAND COUNTY and Resource Development and Management, Inc., Appellants.

Arthur Boyle, an individual; Westmoreland County; Barbara Hinkle, an individual; Sheri H. Boyle, an individual; Charles L. Moore, an individual; and Rebecca B. Humphrey, an individual, Appellants,

v.

Municipal Authority of Westmoreland County and Resource Development and Management, Inc.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2002.
Decided March 28, 2002.
Reargument Denied May 21, 2002.

Michael D. Klein, Harrisburg and Dennis R. McEwen, Pittsburgh, for appellants.

Leslie J. Mlakar, Greensburg, for appellees.

Before FRIEDMAN, Judge, LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

This is an interlocutory appeal from a decision and order of the Court of Com-

mon Pleas of Westmoreland County (trial court) granting, in part, motions for summary judgment filed by the Municipal Authority of Westmoreland County (Authority) and Resource Development and Management, Inc. (RDM), (together, Defendants). We reverse in part and affirm in part.

The Authority owns and operates municipal water and wastewater systems in Westmoreland County. RDM is a for-profit corporation which, through a series of contracts, has provided management services to the Authority since 1992. In the most recent contract between the Authority and RDM (Agreement), dated July 13, 2000, RDM agreed to provide management services for the Authority's water supply facilities and wastewater facilities until January 31, 2013.

The plaintiffs in this matter, Westmoreland County and five individual residents of Westmoreland County (Plaintiffs), brought an action for declaratory judgment seeking, among other things, to nullify the Agreement between the Authority and RDM because the Agreement (1) improperly contracted away the Authority's right to summary dismissal of employees and (2) extended for an excessively long period of time.

At the conclusion of the pleadings, Defendants each filed a motion for summary judgment. In an order dated August 21, 2001, the trial court granted summary judgment in part but allowed the case to proceed on the remaining issues, ruling that RDM was an employee or servant[1] of the Authority, and further, that "although a municipal authority may enter into contracts to perform proprietary functions that can bind successor authority boards, a municipal authority may not enter into a contract that contracts away the right to summary dismissal of a servant of the municipal authority." (Trial court's order dated 8/21/01.) On September 12, 2001, the trial court issued a second order, clarifying the order of August 21, 2001.

■ Pursuant to 42 Pa.C.S. § 702(b),[2] the trial court certified two issues for interlocutory appeal in its orders of August 21, 2001 and September 12, 2001:(1) whether RDM is a servant of the Authority; and (2) whether the Authority can contract away its right to summary dismissal of servants. In a third order, dated September 17, 2001, the trial court certified an additional issue for interlocutory appeal; specifically, whether a municipal authority can enter into contracts that operate to bind successor authority boards. The Authority and RDM petitioned this court for interlocutory review of the first two of these issues, and Plaintiffs filed a cross-petition seeking interlocutory review of the third issue. We granted both petitions and consolidated the appeals for this court's review.[3]

1. Under Pennsylvania law, the terms "employee" and "servant" are used interchangeably. *See, e.g., Feller v. New Amsterdam Casualty Co.,* 363 Pa. 483, 70 A.2d 299 (1950).

2. 42 Pa.C.S. § 702(b) provides:

(b) Interlocutory appeals by permission.— When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

3. Our scope of review of a common pleas court decision is limited to determining whether the trial court committed an error of law or abused its discretion. *Donnelly v.*

## I.

The trial court concluded that RDM was an employee of the Authority based on the wording of Article II of the Agreement, which states that the Authority "engages and appoints [RDM] to be the General Manager of [the Authority's] Municipal Services Business" and requires RDM to perform its duties subject to the *"unfettered supervision, discretion and control of the Authority."* (R.R. at 65a.) (Emphasis added.) The trial court noted that in a master/servant relationship, the master not only controls the result of the work but, also, more importantly, has the right to direct the way in which it shall be done. The trial court compared the master/servant relationship to the owner/independent contractor relationship, in which the independent contractor has exclusive control of the manner in which the work is performed and is responsible only for the result, and concluded that the language of the Agreement established a master/servant relationship rather than an owner/independent contractor relationship. (Trial court opinion at 9.)

■ In arguing that RDM is an independent contractor, not an "employee" or "servant" of the Authority, Defendants contend that the trial court only considered the wording of the Agreement and did not consider any of the evidence offered to establish that the Authority and RDM intended to create an owner/independent contract relationship when they entered the Agreement. We agree with Defendants that RDM is an independent contractor.

■ As the trial court noted, the keystone of the employee versus independent contractor analysis is the determination of who has control over the manner that the work is to be performed. *See Feller v.*

*Southeastern Pennsylvania Transportation Au-*

*New Amsterdam Casualty Co.,* 363 Pa. 483, 70 A.2d 299 (1950). However, there are a number of other factors that also must be considered in determining the nature of the relationship between two parties. *See Shafer v. State Employes' Retirement Board,* 548 Pa. 320, 696 A.2d 1186 (1997). These factors include

> responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Id.* at 333–34, 696 A.2d at 1192 (quoting *Zimmerman v. Public School Employes' Retirement Board,* 513 Pa. 560, 563, 522 A.2d 43, 45 (1987)). No one of these factors should be considered dispositive. *Id.*

Although we acknowledge the language of the Agreement, which states that RDM must perform its duties subject to the "unfettered supervision, discretion and control of the Authority," we believe that the many other characteristics of the relationship between the Authority and RDM outweigh this factor and establish that RDM is an independent contractor. Specifically, we note that RDM is engaged in the distinct business of supplying management services, which it supplies to the Authority and other customers for a flat fee. RDM makes its own day-to-day decisions, supplies its own vehicles and much of its own equipment, bears costs and incidental expenses, pays and supervises its own employees, and performs similar work for clients other than the Authority. After careful review of the record, and giving

*thority,* 708 A.2d 145 (Pa.Cmwlth.1998).

consideration to all relevant factors, we conclude that RDM is an independent contractor, not an employee.

## II.

■ Having concluded that RDM is not the Authority's employee, we need not consider whether the Agreement improperly contracted away the Authority's right to summary dismissal of its employees. A municipal authority's right to summary dismissal applies to its employees, not to independent contractors with whom the authority conducts business. *See Stumpp v. Stroudsburg Municipal Authority,* 540 Pa. 391, 658 A.2d 333 (1995); *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960); *Mitchell v. Chester Housing Authority,* 389 Pa. 314, 132 A.2d 873 (1957).

## III.

■ In their cross-appeal, Plaintiffs argue that the Agreement improperly binds the Authority's successor boards. The question of whether a governmental body may enter into long-term contracts binding upon its successors turns on whether the contract serves a governmental or. a proprietary purpose. If the contract relates to a governmental function, it cannot bind successors. *Lobolito, Inc. v. North Pocono School District,* 562 Pa. 380, 755 A.2d 1287 (2000); *Mitchell.* If the contract relates to a proprietary function, however, it *can* bind successors. *Lobolito; Falls Township v. Scally,* 115 Pa.Cmwlth. 56, 539 A.2d 912 (1988).

■ A governmental function is one performed for public purposes exclusively in its public, political or municipal character. *Falls Township.* A proprietary function, on the other hand, is a function which traditionally or principally has been performed by private enterprise. *State Street*

*Bank & Trust Co. v. Commonwealth,* 712 A.2d 811 (Pa.Cmwlth.1998) In determining whether a specific action of a local government constitutes a governmental or proprietary function, this court will consider (1) whether the activity is one which the governmental unit is not statutorily required to perform; (2) whether the activity may also be carried on by private enterprise; and (3) whether the activity is used as a means of raising revenue. *County of Butler v. Local 585, Service Employees International Union, AFL–CIO,* 158 Pa. Cmwlth. 519, 631 A.2d 1389 (1993). If the answer to any of these inquiries is yes, the function is proprietary. *See id.*

The Plaintiffs in this matter contend that the operation and management of water supply and wastewater systems involves both proprietary and governmental functions. According to Plaintiffs, certain powers which the Authority has, such as the power to hire and fire employees, negotiate union contracts, take action under trust indenture provisions, and appoint a Resident Manager—all of which are conferred upon RDM under Article II of the Agreement—are governmental functions which the Authority cannot properly delegate to a third party. We are unpersuaded by this argument.

■ Municipal authorities, by their very definition, engage in proprietary functions only. *Southeastern Pennsylvania Transportation Authority v. Union Switch & Signal, Inc.,* 161 Pa.Cmwlth. 400, 637 A.2d 662, *appeal denied,* 538 Pa. 662, 648 A.2d 792 (1994). "Generally, authorities are established for the purpose of financing and managing various revenue producing projects of a public nature or other activities that are not considered to be part of core governmental activities; they are a governmental business venture, a form of quasi-privatization." *Id.* at 664–65. Moreover, our superior court has spe-

cifically held that "[a] municipality or municipal authority owning and operating a water system acts in a proprietary rather than governmental capacity." *Yezioro v. North Fayette County Municipal Authority,* 193 Pa.Super. 271, 164 A.2d 129, 133 (1960). Therefore, a determination by this court that a municipal authority owning and operating a water system acts in both governmental and proprietary capacities would disregard long-established case law, and we decline to do so.

Because the trial court erred in concluding that (1) RDM is the employee of the Authority, and (2) that the Authority improperly contracted away its right to summary dismissal of employees, we reverse the trial court's orders of August 21, 2001 and September 12, 2001 to that extent, and we direct the trial court to enter an order granting summary judgment in favor of the Defendants with regard to these issues. However, because the trial court properly determined that the Authority could contractually bind successor boards, we affirm the trial court's order of September 17, 2001.

### ORDER

AND NOW, this 28th day of March, 2002, the orders of the Court of Common Pleas of Westmoreland County (trial court), dated August 21, 2001, and September 12, 2001, are hereby reversed insofar as they conclude that (1) Resource Development and Management, Inc. (RDM) is an employee or servant of the Municipal Authority of Westmoreland County (Authority); and (2) the Authority, through the July 13, 2000 contract (Agreement) between RDM and the Authority, improperly delegated to RDM the Authority's right to summary dismissal of employees. The trial court is directed to enter an order granting summary judgment in favor of the Authority and RDF on the issue

of whether the Agreement was invalid on the basis that it improperly contracted away the Authority's right to summary dismissal of employees. The trial court's order, dated September 17, 2001, is hereby affirmed.