**Michael E. SZOKO, Appellant**

v.

**TOWNSHIP OF WILKINS.**

Commonwealth Court of Pennsylvania.

Argued May 4, 2009.

Decided May 28, 2009.

Scott M. Hare, Pittsburgh, for appellant.

John H. Rushford, Pittsburgh, for appellee.

BEFORE: McGINLEY, Judge, and SMITH–RIBNER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Michael E. Szoko (Plaintiff) appeals from the October 10, 2008, order of the Court of Common Pleas of Allegheny County (trial court) sustaining preliminary objections filed by the Township of Wilkins (Township) and dismissing Plaintiff's declaratory judgment action. We affirm.

Plaintiff was elected to the Township's Board of Commissioners (Board) in November 2007. In December 2007, the outgoing commissioners entered into a contract with Township Manager Rebecca Bradley, effective January 1, 2008, continuing her employment for five years. (R.R. 16a–24a.) In January 2008, Plaintiff assumed office and became chairman of the Board's Finance Committee. Plaintiff complained that the contract's provisions illegally abrogated the requirement that public employees be "at will" and that, by entering into the contract, the outgoing board members improperly attempted to bind the current Board.[1]

In response, on February 25, 2008, the Board considered an amended employment agreement between the Township and Bradley that provides for a three-year period of employment from January 1, 2008, through December 31, 2010. (R.R. at 25a–29a.) Section A–1 of the amended contract provides for an automatic extension of the agreement, from January 1, 2011, to December 31, 2011, as of January 1, 2009, with additional one-year extensions automatically occurring unless a party provides written notice of an intent to terminate the agreement at the end of the year. The contract allows the Township the discretion to terminate Bradley at any time. It also provides that, if Bradley is terminated but is willing and able to perform her duties, she shall be entitled to the full amount of compensation due for the remainder of the contract term. The Board approved this amended contract despite objections from Plaintiff and another Board member.

■ Thereafter, Plaintiff filed an action for declaratory judgment, asking the trial court to declare the contract void *ab initio*. Plaintiff asserted that the Board lacks authority to enter into employment contracts that prevent it from summarily dismissing employees at will[2] and cannot enter into a contract that extends beyond its members' term of office.[3] The Township filed preliminary objections alleging

1. According to the Township, Plaintiff is the only newly elected member of the Board, in that the four other commissioners were either hold-over members or were re-elected in the 2007 election. (Township's brief at 3.)

2. In Pennsylvania, public employees are employees-at-will and subject to summary dismissal unless the legislature has explicitly conferred tenure as an integral part of a comprehensive governmental employment scheme. *Bolduc v. Board of Supervisors of Lower Paxton Township*, 152 Pa.Cmwlth. 248, 618 A.2d 1188 (1992), *appeal denied*, 533 Pa.

662, 625 A.2d 1195 (1993). Therefore, public employers do not have the power, unless conferred by statute, to enter into employment contracts that prevent them from summarily dismissing their employees at will. *Id.*

3. In the performance of sovereign or governmental, as distinguished from business or proprietary, functions, no legislative body, or municipal board having legislative authority, can take action that will bind its successors. *Falls Township v. McManamon*, 113 Pa. Cmwlth. 504, 537 A.2d 946 (1988).

that Plaintiff lacks standing to bring this action,[4] that the matter is not ripe[5] and that Plaintiff failed to join the Township and Bradley, who are indispensable parties.[6]

The trial court first determined that the agreement at issue was the amended contract that was approved by the present Board in 2008 and does not reflect action by a "lame duck" board. After erroneously stating that the term of the amended contract was two years, (trial ct. op. at 2, R.R. at 87a), the trial court next concluded that the issue of whether the one-year extension provisions impermissibly operate to bind a successor board is not ripe. The trial court further concluded that Plaintiff failed to demonstrate that he has standing to contest the validity of the contract and failed to join the Township commissioners and Bradley, who are necessary parties to the action. For these reasons, the trial court sustained the Township's preliminary objections and dismissed Plaintiff's complaint with prejudice.

Plaintiff raises four issues on appeal to this court: 1) whether the contract is void ab initio because it illegally abrogates the requirement that public employees be "at-will"; 2) whether the contract was illegally adopted by a lame duck board; 3) whether the controversy is ripe; and 4) whether Plaintiff has standing.[7]

We begin by addressing Plaintiff's final argument, because if we determine that Plaintiff does not have standing, the remaining issues are moot. Gulnac by Gulnac v. South Butler County School District, 526 Pa. 483, 587 A.2d 699 (1991). Generally, in order to have standing, a plaintiff must have an interest in the matter that is distinguishable from the interest shared by other citizens; to surpass that common interest, the plaintiff's interest must be substantial, direct and immediate. Sprague v. Casey, 520 Pa. 38, 550 A.2d 184 (1988). A substantial interest in the outcome of a dispute is an interest that surpasses the common interest of all citizens in seeking obedience to the law. Empire Coal Mining & Development, Inc. v.

4. The essence of standing to sue "is to protect against improper plaintiffs," School Security Services, Inc. v. Duquesne City School District, 851 A.2d 1007, 1012 (Pa.Cmwlth.2004), appeal denied, 582 Pa. 690, 870 A.2d 325 (2005), and the requirement of standing arises from "the principle that judicial intervention is appropriate only when the underlying controversy is real and concrete." Stilp v. Commonwealth, 927 A.2d 707, 710 (Pa.Cmwlth.2007), aff'd, 596 Pa. 493, 946 A.2d 636 (2008).

5. A declaratory judgment may be obtained only where there is a real controversy; it must not be employed to determine rights in anticipation of events that may never occur or for consideration of moot cases or for the rendition of an advisory opinion that may prove to be academic. Mazur v. Washington County Redevelopment Authority, 954 A.2d 50 (Pa.Cmwlth.2008), appeal denied, — Pa. —, 967 A.2d 961 (2009).

6. A party is indispensable when his or her rights are so connected with the claims of the litigants that no relief can be granted without

impairing or infringing upon those rights. Church of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Shelton, 740 A.2d 751 (Pa. Cmwlth.1999). The failure to join an indispensable party deprives the court of subject matter jurisdiction. Id.

7. Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. Petty v. Hospital Service Association of Northeastern Pennsylvania, 967 A.2d 439 (Pa.Cmwlth.2009). In reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. Id. Such review raises a question of law as to which our standard of review is de novo and our scope of review is plenary. Id.

*Department of Environmental Resources,* 154 Pa.Cmwlth. 296, 623 A.2d 897, *appeal denied,* 535 Pa. 625, 629 A.2d 1384 (1993). A party has a direct interest in a dispute if he or she was harmed by the challenged action or order. *Id.* A party's interest is immediate if there is a causal connection between the action or order complained of and the injury suffered by the party asserting standing. *Id.* In accordance with the above, an individual asserting that he or she has standing must plead facts establishing that he or she has suffered a substantial, direct and immediate injury. *Id.*

■ In support of his assertion that he has standing to seek relief under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, Plaintiff cites his position on the Board and his "special responsibility" for financial matters as chairman of the Board's Finance Committee. We conclude that, absent further elaboration, these facts are not sufficient to establish that Plaintiff has an interest that surpasses the common interest of all citizens in seeking obedience to the law. More important, Plaintiff has not explained how he is harmed by the employment agreement; accordingly, he cannot show a causal connection between the agreement and his injury. Thus, Plaintiff has not pleaded facts demonstrating a direct, substantial and present interest in this matter.[8] Although our courts have recognized exceptions to the general rule, *see, e.g., Sprague,* (granting standing to taxpayers where governmental action might otherwise go unchallenged), Plaintiff does not argue that he has standing based on any particular theory, nor does he assert facts that would support such a conclusion. Therefore, we hold that Plaintiff does not have standing to bring this action for declaratory judgment.

Because the determination that Plaintiff does not have standing ends this controversy, *Gulnac,* the court need not consider the remaining issues raised by Plaintiff on appeal.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 28th day of May, 2009, the order of the Court of Common Pleas of Allegheny County, dated October 10, 2008, is hereby affirmed.

---

8. Plaintiff cites *Boyle v. Municipal Authority of Westmoreland County,* 796 A.2d 389 (Pa. Cmwlth.), *appeal denied,* 571 Pa. 709, 812 A.2d 1231 (2002), noting that the plaintiffs in *Boyle* included five individuals who were "mere residents of the county." (Plaintiff's brief at 13). However, the issue of standing was not raised in *Boyle,* and, therefore, Plaintiff's reliance on that decision is misplaced.