Joanne Thornton, on behalf of : 
herself and others similarly situated, :
            Appellant :
  :
  :
        v. :
  :
City of Philadelphia, and Sheriff :
Jewell Williams and Philadelphia : No. 987 C.D. 2018
Sheriff's Office : Argued: March 12, 2019


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: April 12, 2019


Joanne Thornton (Thornton), on behalf of herself and others similarly situated, appeals from the April 17, 2018 order of the Court of Common Pleas of Philadelphia County (trial court) dismissing her class action complaint in equity by sustaining the preliminary objections of the City of Philadelphia (City), Sheriff Jewell Williams (Sheriff), and the Philadelphia Sheriff's Office (Sheriff's Office) (collectively, City Appellees) pursuant to Pennsylvania Rule of Civil Procedure No. 1028(a)(7) because Thornton failed to exhaust her statutory remedies.[1] Upon review, we affirm.

---

[1] Pennsylvania Rule of Civil Procedure No. 1028(a)(7) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds . . . failure to exercise or exhaust a statutory remedy." Pa.R.C.P. No. 1028(a)(7).

The facts alleged in the complaint and attachments are as follows.[2] Thornton owned property located at 1609 Christian Street, Philadelphia, Pennsylvania and fell behind on her mortgage payments. Complaint ¶ 11-12. The mortgage lender filed a complaint to foreclose on the property. *Id.* ¶ 12. Thereafter, Thornton's property was sold at a sheriff's sale on September 9, 2014 in the amount of $305,000. *Id.* ¶ 13. On the same day, the Sheriff issued a proposed schedule of distribution as required by Pennsylvania Rule of Civil Procedure No. 3136, Pa.R.C.P. No. 3136, which governs the distribution of proceeds from the sheriff's sale.[3] *Id.* ¶ 15; Complaint, Ex. B. The proposed schedule of distribution[4] provided that Thornton was entitled to receive excess proceeds in the amount of $11,968.17 and also indicated that the "distribution will be made in accordance with the above schedule unless exceptions are filed on or before September 19, 2014."[5] Complaint, Ex. C. No exceptions were filed to the proposed schedule of distribution.

[2] When reviewing preliminary objections, a court may consider not only the facts pleaded in the complaint, but also documents or exhibits attached to the complaint. *Diess v. Dep't of Transp.*, 935 A.2d 895, 903 (Pa. Cmwlth. 2007). "[W]e must regard all relevant and material facts, as well as documents and exhibits, as true, and sustain the objections only if those facts or documentary attachments clearly and without doubt could not support the requested relief as a matter of law." *Id.* (citing *McGriff v. Pa. Bd. of Prob. & Parole*, 809 A.2d 455 (Pa. Cmwlth. 2002)). Further, "the Court need not accept as true conclusions of law, unwarranted inferences from fact, argumentative allegations, or expressions of opinion." *Id.*

[3] The sheriff must prepare a schedule of the proposed distribution of the proceeds of the sale within 30 days after sale of the real property and file the schedule in the prothonotary's office. Pa.R.C.P. No. 3136(a).

[4] This proposed schedule of distribution was revised from the originally issued proposed schedule of distribution, of the same date, to reflect that a lien was not included in the original proposed schedule. Complaint, Ex. C. The parties do not dispute the inclusion or amount of the lien that was not reflected in the originally proposed schedule of distribution. Complaint ¶ 24; Preliminary Objections ¶ 5.

[5] The sheriff must distribute the proceeds of the sale in accordance with the proposed schedule of distribution, unless written exceptions are filed with the sheriff not later than 10 days after the filing of the proposed schedule. Pa.R.C.P. No. 3136(d). If exceptions are filed, the sheriff

On or about November 29, 2014, the Sheriff purchased a title insurance policy for $1,317.50, which insured him against any losses sustained "by reason of his distribution of the fund arising from the sale by him of the premises" to ensure that the Sheriff distributes proceeds as described in the attached list of liens. Complaint ¶ 70; Ex. D & E. On August 17, 2016, Thornton submitted a DART claim[6] with the Sheriff, seeking to obtain the excess sale proceeds. *Id*. ¶ 22. The Sheriff delivered a check to Thornton, which she received on November 22, 2016, and, included with it, a breakdown of costs. *Id*. ¶¶ 27-28. According to the breakdown of costs, the Sheriff charged Thornton $1,317.50 to cover the premium on the title insurance policy.[7] *Id*. ¶ 28; Ex. D.

Subsequently, Thornton filed the five-count class action complaint in equity[8] giving rise to this matter, alleging that the Sheriff imposed procedures not required by Rule 3136 on her and other owners whose properties had been foreclosed. Specifically, Thornton complains that the Sheriff required her to file a DART claim prior to distributing her excess proceeds and charged her a premium on the title policy, but neither procedure is expressly provided by Rule 3136. *Id*. ¶¶

---

must file them along with a copy of the proposed schedule of distribution with the prothonotary. Pa.R.C.P. No. 3136(e). "The court shall determine the exceptions, and for this purpose may receive evidence by deposition or otherwise, or may appoint an auditor to hear the evidence and report to the court." Pa.R.C.P. No. 3136(f).

[6] DART is an acronym for "Defendant Asset Recovery Team." Complaint ¶ 20. The complaint alleges that prior to distributing excess sale proceeds to the property owner whose home had been sold, the Sheriff requires the prior owner to file a DART claim. *Id*. ¶¶ 19-20.

[7] While the total cost shown on the schedule of distribution was $11,968.17, there was no breakdown of the costs indicating that $1,317.50 of the total cost was for the premium on a title insurance policy. Complaint ¶ 24 & Ex. C.

[8] Thornton asserts as follows: Count I breach of contract-third party beneficiary; Count II negligent mishandling of funds; Count III unjust enrichment; Count IV conversion; and Count V declaratory judgment against City Appellees. Complaint ¶¶ 56-84.

3

35-36 & 38. In her request for relief, Thornton seeks: an order certifying this action as a class action; a declaration that the DART procedure and the imposition of a premium charge is unconstitutional; the imposition of compensatory and punitive damages, attorney's fees and costs; and any other relief that is deemed appropriate. Complaint, Prayer for Relief.

City Appellees responded by filing four preliminary objections to the complaint, in the nature of a demurrer, asserting that: (1) Thornton failed to exhaust her remedies provided by Rule 3136 and the Local Agency Law, 2 Pa.C.S. §§ 551-555, 751-754; (2) Thornton failed to allege facts to support her claims against the Sheriff, individually, as the Sheriff is not a legal entity separate from the City; (3) Thornton failed to allege any facts to show that the Sheriff took any action outside of his office to deprive Thornton of her claimed excess proceeds to support her claim against him individually; and (4) Thornton failed to state a claim for conversion. Preliminary Objections ¶¶ 24, 30, 39 & 46. The trial court, after reviewing the pleadings, sustained City Appellees' objections and dismissed the complaint, with prejudice. 4/17/18 Trial Court Order.

In dismissing the complaint, the trial court concluded that Thornton failed to exhaust her statutory remedies provided by Rule 3136 and further noted:

> [Thornton] concedes that a former property owner may appeal an adverse DART claim decision to the Court of Common Pleas under Pennsylvania Local Agency Law, 2 Pa. C.S.[ ]§ 752, which provides that a person may appeal a "final adjudication" of a City Agency to the Court of Common Pleas.

4

Trial Court Opinion at 6-7 (footnote omitted). Thornton appeals to this Court.[9]

On appeal, Thornton contends that the trial court erred by concluding that she had to exhaust the remedies provided by Rule 3136 and the Local Agency Law because the remedies provided therein are inadequate to address her claims. Thornton's Amended Brief at 10. Thornton asserts that the remedies are inadequate because she is seeking a declaration that the procedures used by the Sheriff's Office implementing Rule 3136, requiring the DART claim form and charging prior owners the premium to pay for the title policy, are unconstitutional. *Id*. at 11. Moreover, Thornton claims that she raises issues that are appropriate to address in a "collective manner" via a class action because the resulting decision will apply to all "class members equally." *Id*. Thornton further asserts that "if the questions presented here are not addressed in a class action, the Courts of Common Pleas could be burdened with identical extensive litigation" resulting in a "multiplicity of duplicate lawsuits," whereas an action in equity would "provide a tidy global resolution." *Id*. at 17.

City Appellees counter that the trial court correctly concluded that Thornton had to exhaust the remedies provided by Rule 3136 and the Local Agency Law before bringing her class action and, in support thereof, assert that this Court's decision in *In re: Sheriff's Excess Proceeds Litigation*, 98 A.3d 706 (Pa. Cmwlth. 2014) is dispositive. City Appellees' Brief at 6. Although Thornton seeks a declaratory judgment, City Appellees assert that this form of relief does not allow her to avoid the remedies available at law because a court could order the procedures

---

[9] Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Szoko v. Twp. of Wilkins*, 974 A.2d 1216, 1219 n.7 (Pa. Cmwlth. 2009). "[P]reliminary objections shall only be sustained when they are free and clear from doubt." *Id*. "Such review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary." *Id*.

used by the Sheriff's Office invalid if she prevails. *Id.* at 14. Further, City Appellees contend that "a class action does not automatically exempt [Thornton] from her statutory remedies . . . ." *Id.* Upon review, we agree that Thornton failed to demonstrate that the remedy available to her pursuant to Section 752 of the Local Agency Law is inadequate to address her claims.

Initially, we note that Rule 3136(d) allows prior owners to file exceptions no later than 10 days after the sheriff files the proposed distribution schedule. Pa.R.C.P. No. 3136(d). The sheriff must transmit the exceptions and a copy of the proposed distribution schedule to the prothonotary. Pa.R.C.P. No. 3136(e). Thereafter, the trial court is required to render a determination on the exceptions and may take evidence to do so as provided therein. Pa.R.C.P. No. 3136(f).

Specifically, Thornton alleges that over two years passed before she received her refund check after the sheriff's sale of her property, which is a "lengthy" delay not contemplated by Rule 3136 and "illustrates the constitutional infirmities of DART." Thornton's Amended Brief at 16. Thornton further asserts that she did not know that the Sheriff charged her the premium for the title policy until she received a breakdown of costs with her refund check, over two years after the expiration of the Rule 3136 10-day exception period. *Id.* at 16 & 24. As a result, *inter alia*, Thornton asks the Court to declare that the Sheriff may not charge costs which include title insurance premiums to all prior owners and to declare the DART procedure unconstitutional as applied because it is much more burdensome than the procedures permitted by Rule 3136(d). *Id.* at 19.

We agree that Thornton could not file a timely objection to the proposed distribution within the Rule 3136 10-day exception period because she was unaware

6

of the title insurance premium charge and had not yet filed the DART claim. However, Thornton fails to explain how the remedy provided by Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, is inadequate to address her claims relating to the cost charged and procedures used by the Sheriff's Office.

Section 752 provides "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals . . . ." 2 Pa.C.S. § 752. Thornton alleges that the Sheriff is "an adult individual" employed by the "County and City" and "at all times material hereto" acted within the scope of his employment. Complaint ¶ 5. Thornton alleges that the Sheriff's Office is an entity of the City, which is a political subdivision of "Pennsylvania and City of the First Class, located entirely within and comprising all of Philadelphia County." *Id*. ¶¶ 3-4. Accepting Thornton's allegations as true, both the Sheriff's Office and the Sheriff meet the definition of a local agency. 2 Pa.C.S. § 101 (defining a local agency to include any "political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority").

By making a final distribution, the Sheriff's Office has rendered an adjudication. An adjudication includes "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights." 2 Pa.C.S. § 101. In *Excess Proceeds*, this Court explained that the purpose of the sheriff's office's procedures is, in part, to "reunite property owners with their excess sale proceeds" and the excess sale proceeds are property rights recognized pursuant to the United States and Pennsylvania Constitutions. *Excess Proceeds*, 98 A.3d at 721. Thornton's complaint relates to the title policy premium charge by the Sheriff's Office, which resulted in her receipt of reduced excess proceeds, and the use of the

7

DART claim form, which she contends delayed her receipt of the proceeds and does not comport with Rule 3136's procedure. Thornton's Amended Brief at 16. The final distribution of excess proceeds, therefore, constitutes a final order to which appeal rights attach. *McDaniels v. Flick*, 59 F.3d 446, 461 (3d Cir. 1995) (explaining that the Local Agency Law provides sufficient process to protect property rights for those seeking to challenge an agency decision). Because Thornton received a final order from a local agency, she has the right to file an appeal of the final distribution with the trial court, which "may hear the appeal de novo." 2 Pa.C.S. § 754(a). The trial court may also "remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court." *Id*.

Thornton offers no explanation as to why the trial court could not order the relief she requests as a result of a Section 752 appeal, nor does she provide this Court with analysis explaining how a Section 752 appeal is unavailable, defective or inadequate for her to obtain full relief on her claims.[10] *Excess Proceeds*, 98 A.3d at

---

[10] Thornton brought a similar complaint in *Thornton v. City of Philadelphia*, (E.D. Pa., No. 16-5554, filed Aug. 28, 2017) 2017 WL 3620058. In *Thornton*, the court dismissed the complaint because Thornton failed to avail herself of the processes available to her, including an appeal pursuant to the Local Agency Law. *Id*., slip. op. at ___, 2017 WL 3620058, at *5. Thornton asserted in her complaint before the Eastern District Court of Pennsylvania that she was deprived of procedural due process because "she did not receive the amount of unused proceeds calculated in the original [s]chedule of [d]istribution, that the Sheriff's Office improperly amended the [s]chedule of [d]istribution, and that the sale proceeds should not have been used to pay for the title insurance policy." *Id*., slip. op. at ___, 2017 WL 3620058, at *2.

Here, however, Thornton fails to, in any way, identify a constitutional claim in her complaint or develop the argument in her brief to this Court, and therefore, it is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Borough v. Glendon Energy Co. v. Dep't of Envtl. Res.*, 603 A.2d 226, 236 (Pa. Cmwlth. 1992) (explaining that issues must be raised in the brief or they are deemed waived). Thornton simply alleges that this matter "arises under the common and statutory laws of the Commonwealth of Pennsylvania" and seeks relief "for claims arising under the Pennsylvania Rules and common law." Complaint ¶ 7. Thornton alleges that "[t]he policy, customs and practices of the [City Appellees] are both unlawful and unconstitutional" and seeks a declaration that the City Appellees'

730 (concluding that plaintiffs made no allegations that the remedies available to them are inadequate to afford them full relief and, therefore, upholding trial court's conclusion that it was not the proper forum to decide case). Thornton states that an appeal under the Local Agency Law would not "effectively address the corrective declaratory relief" that she seeks, would not provide any "expertise or guidance" to this Court, and would ultimately put her in the "same Court." Thornton's Amended Brief at 16 n.5. But, as explained by the trial court, Thornton offered her conclusion that the remedy is inadequate, and this, without more, is not sufficient to meet her burden. *See Diess*, 935 A.2d at 903 (explaining that the court does not have to accept as true conclusions of law, argumentative allegations or expressions of opinion when ruling on preliminary objections).

Furthermore, "[i]t is well-settled that where the Legislature has provided a specific statutory remedy, the asserted need for a class action will not justify a deviation from the statutory remedy." *Zarwin v. Montgomery Cty*., 842 A.2d 1018, 1023 (Pa. Cmwlth. 2004) (citing *Lilian v. Commonwealth*, 354 A.2d 250 (Pa. 1976)). Thornton's request asking this Court to resolve this matter as a class action to aid with judicial economy and "provide a tidy global resolution" of the claims is likewise without merit. The class action is a procedural device and not a substantive right. *Id*. Class status or the lack of it is not pertinent "to the question of whether an action is to be heard in equity or at law or whether, indeed, either form is available in light of the statutory remedy." *Id*. With no independent basis for

---

"acts and policies are both unconstitutional and unlawful," but fails to identify any provision of the constitution that has been violated. Complaint ¶¶ 83 & 84. *Brown v. Dep't of Corr.*, 932 A.2d 316, 318 (Pa. Cmwlth. 2007) (explaining that to ascertain whether a complainant has alleged a constitutional violation, the complaint must identify the constitutional right allegedly infringed by the conduct at issue).

equity jurisdiction, Thornton cannot generate it simply by alleging class status. *See id.* Numerosity of claims will not justify a class action where a specific statutory remedy is provided to process claims. *Id*. at n.9. As explained herein, Thornton has an adequate remedy to address her claims through Section 752 of the Local Agency Law. Where the legislature provides "a specific exclusive, constitutionally adequate method" to resolve a particular type of dispute, the statutory method to resolve it must be followed and "no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method." *Id*. at 1024. Thornton's asserted need for a class action does not justify a deviation from that remedy.

Accordingly, the trial court did not abuse its discretion or err as a matter of law by granting City Appellees' preliminary objections and dismissing Thornton's complaint. We affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne Thornton, on behalf of    :
herself and others similarly situated,    :
                Appellant    :
    :
           v.    :
    :
City of Philadelphia, and Sheriff    :
Jewell Williams and Philadelphia    :    No. 987 C.D. 2018
Sheriff's Office    :

## O R D E R

AND NOW, this 12th day of April, 2019, the April 17, 2018 order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge