IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Waliyyuddin S. Abdullah, :
                       Appellant :
                       :
       v. : No. 841 C.D. 2020
                       : SUBMITTED: July 9, 2021
Philadelphia Department of :
Revenue and Goehring Rutter and :
Boehm :

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                            FILED: December 22, 2021

Appellant Waliyyuddin S. Abdullah (Abdullah) appeals from two orders issued by the Court of Common Pleas of Philadelphia County (Common Pleas) on April 21, 2020, through which Common Pleas sustained Appellees Philadelphia Department of Revenue's (Department) and Goehring, Rutter, and Boehm's (GRB) respective preliminary objections to Abdullah's amended complaint and dismissed Abdullah's action with prejudice. Upon review, we affirm Common Pleas.

## I. Background

[Abdullah] is the record owner of the subject property located at 1321 W. Seltzer Street, Philadelphia[, Pa.,] (the "Property"). The City [of Philadelphia (City)] retained GRB . . . as legal counsel for the collection of delinquent real estate taxes accrued against the Property. In 2013, GRB . . . filed a tax sale petition on behalf of The City to collect the delinquent taxes on the Property for tax years 1979-1985, 1987-2006, 2008, and 2011. GRB . . . filed the action in the Court of Common Pleas Case docket No. 1306T0529 (hereinafter "Tax Claim Action"). Following a hearing on the City's Tax Claim Action before [the

Honorable] Paula Patrick, Judge Patrick entered a [d]ecree ordering that the Property be sold at sheriff[']s sale. [Abdullah] incorrectly filed a [n]otice of [a]ppeal to [the] Superior Court on September 9, 2019 . . . . The case was [then] transferred to [the] Commonwealth Court on January 9, 2020 . . . .[1]

> [1] [The] Commonwealth Court [g]ranted [the] City['s] [m]otion to [q]uash [Abdullah's a]ppeal on March 25, 2020.

Trial Court. Op., 11/15/21, at 1-2.

On July 25, 2019, Abdullah filed a complaint in Common Pleas against the Department and GRB, which he followed with an amended complaint on December 20, 2019. Abdullah stated in his amended complaint that he had attempted to pay his delinquent tax bill for the Property on June 3, 2019, but had been informed by a Department staff member that he could not do so, because he already had a payment agreement with GRB for the Property. Am. Compl. at 2.[1] Abdullah claimed that he never made such an agreement and, as such, GRB had improperly interfered with his ability to settle this debt. *Id.* at 2-3. Accordingly, Abdullah argued that the Department's and GRB's "deceit" regarding their handling of his outstanding property taxes violated Sections 1103(b) and 1304 of the Uniform Commercial Code, 13 Pa. C.S. §§ 1103(b), 1304, and sought "$8,000.00 in [c]ompensatory [d]amages from each [d]efendant and $1,000,000.00 in [p]unitive [d]amages from each [d]efendant." *Id.* at 2-6.

On January 8, 2020, and January 9, 2020, the Department and GRB filed their respective preliminary objections. Both the Department and GRB sought dismissal of Abdullah's amended complaint on the bases of demurrer and pendency of a prior action. Department's Preliminary Objections ¶¶14-51; GRB's Preliminary

---

[1] Abdullah's numbering of the paragraphs in his amended complaint is not consistent, so, for the sake of clarity, we instead elect to cite thereto using page numbers.

Objections ¶¶9-45. Common Pleas then sustained these preliminary objections on April 21, 2020, and dismissed Abdullah's amended complaint with prejudice.

Abdullah's appeal followed shortly thereafter.[2] On November 27, 2020, Common Pleas ordered Abdullah to file a statement of errors complained of on appeal (Statement) within 21 days of that order's issuance. Despite this directive, Abdullah did not submit his Statement until February 4, 2021, well after the deadline had passed. Abdullah defended his noncompliance by asserting that he had never been served with a copy of the November 27, 2020 order and had never been notified that the order had been docketed. *See* Statement at 2. Abdullah did not, however, explain how or when he had nevertheless learned that the order had been entered or how he knew that he was consequently required to submit his Statement. *See id.* In light of this, we remanded this matter to Common Pleas on July 28, 2021, with instructions that the lower court first determine whether the Statement was timely filed and then file a supplemental opinion, in which it was to articulate its reasoning regarding both the resolution of this timeliness issue and its sustaining of the Department's and GRB's respective preliminary objections. Common Pleas then filed its supplemental opinion on November 15, 2021.[3] Therein, Common Pleas explained it had found that Abdullah's Statement was timely, due to administrative failures that prevented Abdullah from receiving an electronic or paper copy of

---

[2] Abdullah incorrectly appealed Common Pleas' rulings to the Superior Court on April 30, 2020, and inexplicably named "Phila. Water Dept." as the appellee in this matter. *See* Superior Court of Pennsylvania – Civil Docketing Statement at 1. The Superior Court then transferred Abdullah's appeal to our Court via a *per curiam* order on July 29, 2020. Abdullah subsequently identified the appellees in this matter as "Philadelphia Department of Revenue, et al." *See generally* Abdullah's Br.

[3] Common Pleas' supplemental opinion is dated November 10, 2021, but was not filed with our Court until November 15, 2021.

3

Common Pleas' November 27, 2020 order, as well as Abdullah's prompt filing of his Statement upon learning of that order. Common Pleas Op., 11/15/21, at 5-6. In addition, Common Pleas explained why it had sustained the Department's and GRB's respective preliminary objections. *Id.* at 6-8. As such, this matter is ready for our consideration.

## II. Discussion

On appeal,[4] Abdullah raises three issues, which we have reordered and reworded for simplicity's sake. First, he argues that he stated viable legal arguments in his amended complaint. Abdullah's Br. at 8-9. Second, he maintains that *res judicata* did not serve as a proper basis for dismissal. *Id.* at 8-10. Finally, he claims that Common Pleas should have transferred his case from the equity side of the court to the law side of the court or prompted him to file a second amended complaint, instead of dismissing his lawsuit outright. *Id.* at 8-11.

---

[4] We discern no error of law or abuse of discretion regarding Common Pleas' determination that Abdullah's Statement was timely and, therefore, will consider Abdullah to have preserved his appellate issues through it. *See* Pa. R.A.P. 1925(c)(1) (a trial court is the factfinder when, on remand, it is tasked with determining whether a statement of errors complained of on appeal was filed in a timely fashion). As for Common Pleas' rulings regarding the Department's and GRB's respective preliminary objections,

> [o]ur review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Petty v.* [*Hosp. Serv. Ass'n of Ne. Pa.*], 967 A.2d 439 (Pa.Cmwlth.2009). In reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. *Id.* Such review raises a question of law as to which our standard of review is de novo and our scope of review is plenary. *Id.*

*Szoko v. Twp. of Wilkins*, 974 A.2d 1216, 1219 (Pa. Cmwlth. 2009).

4

We need only address the first of these issues in order to dispose of Abdullah's appeal. On this point, we agree with Common Pleas' reasoning, which it articulated as follows:

> In [his amended c]omplaint, [Abdullah] alleges that GRB . . . [and the Department] violated [the] "Obligation of Good Faith," [pursuant to] 13 Pa C.S.[]§ 1304[, as well as] 13 Pa. C.S.[]§ 1103(b)[, which is titled] "Construction of Title to Promote its Purposes and Polices, Applicability of Supplemental Principles of Law, Section (b) Law and Equity." ([Am. Compl.] ¶ Legal Claim). However, [Abdullah] failed to explain how the facts of this case apply to the statutes. [Abdullah] attempted to establish a claim under the Uniform Commercial Code, [13 Pa. C.S §§ 1101-9809,] when the facts in [his amended complaint] alleged that there is a dispute [about] how [Abdullah] was [to] repay [his] delinquent taxes.[4]
>
> > [4] [Abdullah] attempts to establish a claim under Division I of the Commercial Code (Chapter 11 of the statute) which primarily provides the general provisions of the code. *See* 13 Pa. C.S.A.[ ]§ 1102. "This division applies to a transaction to the extent that it is governed by another division of this title." [Abdullah] also attempts to establish a claim under Chapter 13 of the Commercial Code which refers to parties to a contract power to choose applicable law. *See* [13] Pa. C.S.[]§ 1301.
>
> Furthermore, even if pleaded properly, neither of those statutes give rise to a cause of action. Specifically, the Official Comment to 13 Pa. C.S.[]§ 1304 states, [in relevant part]:
>
> > . . . This section does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce in good faith, a specific duty or obligation under the contract, constitutes a breach of that contract or makes unbailable, under the particular circumstances are medial right or power. This distinction makes it clear that the doctrine of good faith merely directs a court towards interpreting contracts within the commercial

5

> context in which they are created[,] performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached.
>
> 13 Pa. C.S.[] § 1304, cmt. 1 (June 16, 2008).
>
> [Abdullah] also failed to state which "principle of law and equity" that [the Department and GRB] violated under 13 Pa. C.S. [§] 1103(b). Moreover, [Abdullah's amended complaint] is titled "[Amended] Complaint in Equity" but makes a monetary demand for damages, without stating the injury or the sources of damages. [Common Pleas dismissed Abdullah's amended c]omplaint with prejudice [because,] even if [Abdullah were permitted to file a second amended complaint, he] would still be unable to establish a legally cognizable claim.

Trial Court Op., 11/15/21, at 7-8. Thus, as Abdullah failed to state a viable claim in his amended complaint and could not remedy his failure through further amendment, Common Pleas properly sustained the Department's and GRB's demurrers thereto and correctly dismissed the amended complaint with prejudice.

### III. Conclusion

In accordance with the foregoing, we affirm Common Pleas' April 21, 2020 orders.[5]

_____
ELLEN CEISLER, Judge

---

[5] Due to our disposal of this appeal, we need not address whether Common Pleas correctly sustained the Department's and GRB's preliminary objections to the amended complaint regarding the pendency of a prior action. Furthermore, though we do not have to reach the remainder of Abdullah's arguments, we nevertheless wish to make clear that the division between courts of equity and courts of law ceased to exist in our Commonwealth many years ago and, as such, each court of common pleas has broad and unitary original jurisdiction over the vast majority of civil actions. *Wolk v. Sch. Dist. of Lower Merion*, 197 A.3d 730, 738 n.9 (Pa. 2018); 42 Pa. C.S. §§ 931, 952.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Waliyyuddin S. Abdullah, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 841 C.D. 2020 |
| | : | |
| Philadelphia Department of | : | |
| Revenue and Goehring Rutter and | : | |
| Boehm | : | |

## **O R D E R**

AND NOW, this 22nd day of December, 2021, it is hereby ORDERED that the Court of Common Pleas of Philadelphia County's (Common Pleas) April 21, 2020 orders, through which Common Pleas sustained Appellees Goehring Rutter and Boehm's and Philadelphia Department of Revenue's respective preliminary objections and dismissed Appellant Waliyyuddin S. Abdullah's amended complaint with prejudice, are AFFIRMED.

_____
ELLEN CEISLER, Judge