IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael Rivera, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1160 C.D. 2023 |
| | : | |
| Pennsylvania Department of | : | |
| Corrections and C.O. Davis | : | Submitted: November 7, 2024 |

BEFORE:     HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED:  December 17, 2024

Appellant Michael Rivera (Rivera), an inmate currently incarcerated within our Commonwealth's prison system, appeals *pro se* from the Court of Common Pleas of Greene County's (Common Pleas) September 21, 2023 order.[1] Through that order, Common Pleas both sustained Appellees Pennsylvania Department of Corrections and C.O. Davis' (individually, DOC and Davis, and collectively, Appellees) preliminary objections and dismissed Rivera's Amended Complaint with prejudice. We reverse.

## I. Background

On March 29, 2022, Rivera was transferred from the State Correctional Institution (SCI) – Phoenix to SCI – Greene. Am. Compl., ¶10. Davis, a correctional officer at SCI – Greene, then compiled a written inventory on March 30, 2022, of the personal property items that had been transferred along with Rivera from SCI –

---

[1] Common Pleas' order is dated September 20, 2023, but was not docketed until the following day.

Phoenix. *Id.* ¶11. On April 18, 2022, Rivera attempted to retrieve a number of legal books that were ostensibly being stored on his behalf at SCI – Greene, only to discover that an entire box of his personal property was missing. *Id.*, ¶15. He then notified his unit manager on April 19, 2022, about the missing box of items, only to be told that it was not missing, but was instead being held at SCI – Greene in a "property room." *Id.*, ¶17. Rivera was unsatisfied by this response and, as a result, elected to file an inmate grievance regarding the box, which ultimately resulted in the denial of his grievance on August 9, 2022, due to the fact that "SCI – Greene [did] not have these items." *See id.*, ¶¶18-27.[2] Rivera then appealed this denial to SCI – Greene's facility coordinator on August 12, 2022, who responded by directing Rivera to file another form and attach his appeal thereto, but did not subsequently rule upon Rivera's appeal. *Id.*, ¶¶28-30.

Rivera then filed suit against Appellees on December 7, 2022, followed by an Amended Complaint on May 23, 2023. Therein, Rivera asserted that Davis was "negligent in his professional obligations to ensure that [Rivera's] stored property items were kept secure while in the sole custody and control of [Davis and the DOC,]" as well as that the DOC was vicariously liable for Davis' negligence. *Id.*, ¶¶33-34. As relief, Rivera sought a declaration that Appellees' actions "violate[d] his rights under the Constitution and [the] laws of the Commonwealth of

---

[2] SCI – Greene's inmate grievance coordinator initially dismissed Rivera's grievance on procedural grounds, only to be reversed on appeal by SCI – Greene's facility manager, who ordered the coordinator to rule upon the grievance's merits. Am. Compl., ¶¶19-21. Another grievance officer then handled the grievance on remand and denied it on the basis that the box of personal items was not lost, but was instead being held in storage at SCI – Greene. *Id.*, ¶24. This denial was then vacated on appeal by the facility manager, after which the grievance officer again denied the grievance on remand, not because the items were in storage, but because the items were, in fact, nowhere to be found. *See id.*, ¶¶25-27.

Pennsylvania," as well as $1,000 in compensatory damages and an award of costs. *Id.*, ¶¶36-37, 39.

Appellees responded by filing preliminary objections on June 29, 2023, through which they argued that Rivera's Amended Complaint should be dismissed for two reasons. First, Appellees asserted that the averments in Rivera's Amended Complaint were insufficiently specific. Appellees' Br. in Support of Prelim. Objs. at 4-5. Second, Appellees demurred to Rivera's lawsuit, on the basis that he had failed to state a viable negligence claim against either Davis or the DOC, and relatedly maintained that his lawsuit was therefore barred by sovereign immunity. *Id.* at 6-7. Rivera subsequently responded in opposition to Appellees' preliminary objections. On September 21, 2023, Common Pleas sustained those preliminary objections and dismissed the Amended Complaint on September 21, 2023, ruling that Rivera had failed to state a cognizable negligence claim in his Amended Complaint and that the averments contained therein were insufficiently specific.[3]

This appeal to our Court followed shortly thereafter.

## II. Discussion

We reorder, combine, and summarize Rivera's appellate arguments as follows. First, Common Pleas abused its discretion and committed errors of law by sustaining Appellees' preliminary objections, because Rivera had pled a facially viable negligence claim against Davis, as well as a legally sufficient *respondeat superior* claim against the DOC. Rivera's Br. at 11-13. Second, Common Pleas abused its discretion by dismissing the Amended Complaint without affording Rivera an opportunity to file a Second Amended Complaint. *Id.* at 10.

---

[3] Common Pleas did not rule upon whether Rivera's suit was barred by sovereign immunity. *See* Common Pleas Order, 9/21/23, at 1-4.

3

> In ruling on preliminary objections, [a trial court] must accept as true all well-pleaded material allegations in the [complaint], as well as all inferences reasonably deduced therefrom. The [trial court] need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (cleaned up); *see Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014) (cleaned up) ("[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it. It is not necessary to accept as true any averments in the complaint that conflict with exhibits attached to it.").

> Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Petty v. Hosp. Serv. Ass'n of Ne. Pa.*, 967 A.2d 439, 443 n.7 (Pa. Cmwlth. 2009). . . . Such review raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary. *Id.*

*Szoko v. Twp. of Wilkins*, 974 A.2d 1216, 1219 n.7 (Pa. Cmwlth. 2009) (cleaned up).

We need only address Rivera's first argument in order to resolve this appeal. "A cause of action in negligence requires a showing of four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage." *Pyeritz v. Com.*, 32 A.3d 687, 692 (Pa. 2011).

> To prove negligence, a plaintiff may proceed against a defendant on theories of direct and vicarious liability,

4

asserted either concomitantly or alternately. Liability for negligent injury is direct when the plaintiff seeks to hold the defendant responsible for harm the defendant caused by the breach of a duty owing directly to the plaintiff. By comparison, vicarious liability is a policy-based allocation of risk. *Crowell v. City of Phila.*, 613 A.2d 1178, 1181 (Pa. 1992). "Vicarious liability, sometimes referred to as imputed negligence, means in its simplest form that, by reason of some relation existing between A and B, the negligence of A is to be charged against B although B has played no part in it, has done nothing whatever to aid or encourage it, or indeed has done all that he possibly can to prevent it." *Id.* (quoting Prosser and Keeton on Torts § 69, at 499 (5th ed.1984)). Once the requisite relationship (*i.e.*, employment, agency) is demonstrated, "the innocent victim has recourse against the principal," even if "the ultimately responsible agent is unavailable or lacks the ability to pay." *Mamalis v. Atlas Van Lines, Inc.*, 560 A.2d 1380, 1383 (Pa. 1989); *accord Crowell*, 613 A.2d at 1182 (vicarious liability is policy response to "specific need" of how to fully compensate victim).

*Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 597 (Pa. 2012) (cleaned up).

In this instance, Rivera averred that Davis was responsible for cataloging and storing Rivera's personal possessions, as well as that Davis and the DOC "retained sole custody and control of [Rivera's] stored property items." Am. Compl., ¶¶11-14. In addition, Rivera alleged that Davis undertook these actions within the scope of his employment with the DOC and, in addition, Rivera provided a detailed list of the items that had gone missing. *Id.*, ¶¶11-14, 16, 33-34. Taking these averments as true, and drawing all reasonable inferences therefrom, we draw the following conclusions. First, Davis had a professional duty to secure and maintain Rivera's stored possessions. Second, some of those possessions were lost at some point between when Davis initially inventoried those items and when Rivera sought to retrieve them. Third, those items are still missing. Fourth, Rivera has incurred damage

5

because of the loss of his personal possessions. Furthermore, it can be inferred from Rivera's averments that Davis was negligent in this instance, as Davis was allegedly responsible for Rivera's personal possessions and some of those possessions were subsequently lost while under Davis' control. We therefore hold that Rivera stated a facially plausible, sufficiently detailed negligence claim against Davis in his Amended Complaint. In addition, we hold that Rivera stated a facially viable *respondeat superior* claim against the DOC, based upon Rivera's assertion that Davis acted negligently while acting in the scope of his employment by the DOC.

### III. Conclusion

In accordance with the foregoing analysis, we conclude that Common Pleas erred by sustaining Appellees' preliminary objections and consequently reverse Common Pleas' September 21, 2023 order.[4] Furthermore, we remand this matter to Common Pleas, with instructions that it direct Appellees to file an answer to Rivera's Amended Complaint.[5]

ELLEN CEISLER, Judge

---

[4] We note that we cannot affirm Common Pleas on the basis of sovereign immunity, as Rivera's negligence claim clearly falls within the statutory "care, custody or control of personal property" exception. *See* 42 Pa. C.S. § 8522(b)(3) (sovereign immunity cannot be invoked to defeat negligence claims based upon "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials").

[5] Due to our disposition of this appeal, we need not address the merits of Rivera's second argument.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rivera,              :
           Appellant       :
                            :
       v.                   :   No. 1160 C.D. 2023
                            :
Pennsylvania Department of     :
Corrections and C.O. Davis      :

# **O R D E R**

AND NOW, this 17th day of December, 2024, it is hereby ORDERED that the Court of Common Pleas of Greene County's (Common Pleas) September 21, 2023 order is REVERSED. It is FURTHER ORDERED that this matter is REMANDED to Common Pleas, with instructions that it direct Appellees Pennsylvania Department of Corrections and C.O. Davis to file an answer to Appellant Michael Rivera's Amended Complaint.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge